IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re:<br><br>THE VILLAGES HEALTH SYSTEM, LLC,[1]<br><br>Debtor. | CHAPTER 11<br><br>CASE NO.: 25-04156 (LVV) |

**CHAPTER 11 CASE MANAGEMENT SUMMARY**

In compliance with Local Rule 2081-l(b), the above-captioned debtor and debtor-in possession (the "Debtor" or "TVH"), files this *Chapter 11 Case Management Summary* and states:[2]

1. On July 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

2. **Local Rule 2081-1(b)(1): description of the Debtor's business**. For a detailed description of the Debtor's business, the Debtor respectfully refers the Court and parties-in-interest to the *Declaration of Neil Luria in Support of Chapter 11 Petition and First Day Motions*[3] ("First Day Declaration") [Doc. No. 3], which is incorporated by reference.

3. **Local Rule 2081-1(b)(2): locations of the Debtor's operations and whether leased or owned**. TVH is a party to long-term leases for each of its Care Centers, which are located in North Central Florida. Additionally, TVH leases two (2) office spaces to conduct its operations. The locations of the Care Centers and office spaces are more particularly described in ***Exhibit A***.

---

[1] The address of the Debtor is 600 Sunbelt Road, The Villages, Florida 32159. The last four digits of the Debtor's federal tax identification number is 6436.
[2] The following data represents the Debtor's best estimate in response to information requested in Local Rule 2081-1(b)(1)-(11).
[3] Capitalized terms herein shall have the same meaning as the First Day Declaration.

4. **Local Rule 2081-1(b)(3): reasons for filing Chapter 11**. For a detailed description of the Debtor's reasons for filing Chapter 11, the Debtor respectfully refers the Court and parties-in-interest to the First Day Declaration.

5. **Local Rule 2081-1(b)(4): list of officers, directors and insiders (including relatives of insiders), if applicable, who receive salaries or benefits from the debtor and their respective salaries or benefits at the time of filing and during the one year prior to filing**. The Debtor respectfully refers the Court and parties-in-interest to *Exhibit B* for a description of salaries or benefits paid to its officer, directors, and insiders (including relatives of insiders) within the last twelve months.[4]

6. **Local Rule 2081-1(b)(5): the Debtor's annual gross revenues**.[5] The Debtor's gross annual revenues in fiscal year ("FY") 2024 were approximately $485,845,432.00. The Debtor's gross revenues year-to-date ("YTD") through May 2025 were approximately $217,915,478.00.

7. **Local Rule 2081-1(b)(6): amounts owed to various creditors, including current YTD and prior fiscal year**.[6]

   a. **Local Rule 2081-1(b)(6)(A): priority creditors such as governmental creditors for taxes**. TVH has no known unpaid tax liabilities and no known unpaid claims that would qualify as priority claims under Section 507 of the

---

[4] The salaries and benefits of the Debtor's officers, directors and insiders have been redacted in order to prevent discord among employees that could result from disclosure of their respective compensation as well as for privacy reasons. Upon request, the Debtor will provide to the United States Trustee, the Court, the DIP Lender, and any statutory committee appointed in these Chapter 11 Cases, an unredacted copy of Exhibit B.
[5] The gross annual revenues provided herein do not consider any adjustments.
[6] The amounts estimated in this *Chapter 11 Case Management Summary* do not include any unliquidated liabilities related to the historical billing issues more particularly described in the First Day Declaration.

      Bankruptcy Code, other than wages and benefits owed to employees that are the subject of the Wages Motion (defined herein).

b. **Local Rule 2081-1(b)(6)(B): secured creditors and their respective collateral**. As of the Petition Date, TVH's was a party to one prepetition secured credit facility, a secured line of credit held by PMA Lender LLC ("PMA"), with a principal balance of $15 million. The amounts due and owing under the PMA loan facility are secured by a first priority security interest in all assets of TVH. Other than the PMA loan facility, TVH has no other material secured debt other than equipment leases.

c. **Local Rule 2081-1(b)(6)(C): unsecured creditors**. TVH has a relatively small amount of general unsecured trade debt and it has generally been TVH's practice to pay all outstanding and undisputed unsecured trade debts in the ordinary course of its business. TVH has between 200-300 general unsecured creditors consisting of patients who are owed very small amounts (an average of approximately $75 each), almost all of which were issued checks that were never cashed. With respect to these amounts, TVH intends to file a motion seeking Court authority to honor the checks or reissue these payments. As to trade debt, TVH believes it owes funds to approximately 100 vendors totaling approximately $200,000 (an average of approximately $2,000 each). The majority of TVH's general unsecured debt is anticipated to arise from or relate to the historical billing issues discussed in the First Day Declaration.

8. **Local Rule 2081-1(b)(7): general description and approximate value of the Debtor's current and fixed assets**. As of the Petition Date, the Debtor has approximately $51,502,649.00 in current assets including cash, receivables, prepaids, and deferred compensation assets. Additionally, as of the Petition Date, the Debtor has approximately $9,591,781.00 in current fixed assets including leasehold improvements, furniture and fixtures, medical and surgical equipment, computer hardware, and other tangible assets. A more detailed description of the current and fixed assets will be set forth in the Debtor's schedules of assets and liabilities and statements of financial affairs required by Bankruptcy Rule 1007(b).

9. **Local Rule 2081-1(b)(8): number of employees and gross amounts of wages owed as of petition date**. As of the Petition Date, the Debtor employs approximately eight hundred and sixteen (816) employees. As of the Petition Date, the Debtor owes its employees approximately $1,844,812.00 in accrued but unpaid compensation. For a more detailed description of the information required by Local Rule 2081-1(b)(8), the Debtor respectfully refers the Court and parties-in-interest to its *Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtor to (I) Pay Certain Prepetition Wages, Benefits, and other Compensation Obligations, (II) Authorizing Financial Institutions to Honor Related Obligations and (III) Granting Related Relief* ("Wages Motion") [Doc. No. 5].

10. **Local Rule 2081-1(b)(9): status of the Debtor's payroll and sales tax obligations, if applicable**. Automatic Data Processing, Inc. ("ADP") administers payroll and certain benefits programs for the Debtor and ensures that the proper amounts are withheld for taxes, benefits and garnishments. As of the Petition Date, the Debtor estimates that it owes approximately $168,522 in employer payroll taxes. The Debtor does not owe any sales taxes.

11.     **Local Rule 2081-1(b)(10): anticipated emergency relief to be requested within the first 14 days after the petition date**. For a detailed description of the Debtor's anticipated emergency filings, the Debtor respectfully refers the Court and parties-in-interest to the First Day Declaration.

12.     **Local Rule 2081-1(b)(11): Debtor's strategic objectives, *i.e.*, refinancing, cramdown, surrender/ sale of assets or business**. For a detailed description of the Debtor's strategic objectives, the Debtor respectfully refers the Court and parties-in-interest to the First Day Declaration.

[signature page to follow]

4904-7912-5075.1

**RESPECTFULLY SUBMITTED** this 5th day of July 2025.

        **BAKER & HOSTETLER LLP**

        */s/ Elizabeth A. Green*
        Elizabeth A. Green, Esq.
        FL Bar No.: 0600547
        Email: egreen@bakerlaw.com
        Jimmy D. Parrish, Esq.
        FL Bar No.: 0526401
        E-mail: jparrish@bakerlaw.com
        Andrew V. Layden, Esq.
        FL Bar No.: 86070
        E-mail: alayden@bakerlaw.com
        SunTrust Center, Suite 2300
        200 South Orange Avenue
        Orlando, Florida 32801-3432
        Telephone: (407) 540-7920
        Facsimile: (407) 841-0168

        *Proposed Counsel for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on July 5, 2025, a copy of the was filed with the Court using the CM/ECF System, which provided electronic notice to all parties requesting such notice.

        */s/ Elizabeth A. Green*
        Elizabeth A. Green, Esq.

4904-7912-5075.1

**EXHIBIT A**

4904-7912-5075.1

| Care Center or Office Location | Address |
|---|---|
| Mulberry Grove Care Center | 8877 SE 165 Mulberry Ln.<br>The Villages, FL 32162 |
| Specialty Care at Spanish Springs | 1400 US-441, # 810<br>The Villages, FL 32159 |
| Santa Barbara Care Center | 1575 Santa Barbara Blvd.<br>The Villages, FL 32159 |
| Creekside Care Center | 1050 Old Camp Rd., Bldg. 100<br>The Villages, FL 32162 |
| Pinellas Care Center | 2485 Pinellas Pl.<br>The Villages, FL 32163 |
| Colony Care Center | 280 Farner Pl.<br>The Villages, FL 32163 |
| The Center for Advanced Healthcare at Brownwood | 2955 Brownwood Blvd.<br>The Villages, FL 32163 |
| Brownwood Care Center | 2910 Brownwood Blvd.,<br>The Villages, FL 32163 |
| Lake Deaton Care Center | 779 Kristine Way<br>The Villages, FL 32163 |
| Eastport Care Center | 1346 Dewey Drive,<br>The Villages, FL 34762 |
| Office Location | 600 Sunbelt Road,<br>The Villages, FL 32159 |
| Office Location | 7580 Middleton Drive,<br>Middleton, FL 34762 |

4904-7912-5075.1

# EXHIBIT B[7]

**Redacted as Stated Above**

---

[7] This list does not include Neil Luria, the Debtor's Chief Restructuring Officer ("CRO"). The Debtor will file an application to employ and retain GBH SOLIC Holdco, LLC (f/k/a SOLIC Capital Advisors) ("SOLIC"). Mr. Luria does not receive any compensation directly from the Debtor. SOLIC receives payment from the Debtor for the CRO services.

4904-7912-5075.1