ORDERED.

**Dated:  July 11, 2025**

_____
Lori V. Vaughan
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **In Re:** | **Case No.: 6:25-bk-04156 (LVV)** |
| **THE VILLAGES HEALTH SYSTEM, LLC,**[1] | **Chapter 11** |
| **Debtor.** | |

**FINAL ORDER PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE:
(A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF
PREPETITION INVOICES; (B) DETERMINING THAT THE UTILITIES ARE
ADEQUATELY ASSURED OF FUTURE PAYMENT; AND (C) ESTABLISHING
PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE**

THIS CASE came before the Court on July 9, 2025, at 10:00 a.m. (EST) (the "Hearing")

upon the motion (the "Motion")[2] [Doc. No. 7] of The Villages Health System, LLC (the "Debtor"),

the debtor and debtor in possession in the above-captioned bankruptcy case (the "Chapter 11

Case"), for entry of a final order (this "Final Order"): (i) approving the Debtor's proposed

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

Adequate Assurance of payment for future utility services and determining that the proposed Adequate Assurance provides Utility Providers with adequate assurance of payment under section 366 of the Bankruptcy Code, (ii) prohibiting Utility Providers from altering, refusing, or discontinuing services to, or discriminating against, the Debtor, (iii) approving the Debtor's proposed procedures for resolving additional adequate assurance requests, (iv) scheduling a Final Hearing on the Motion, and (v) seeking related relief; and the Court finding that: (a) the Court has jurisdiction over the Debtor, its estate, property of the estate, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) the Court may enter a final order consistent with Article III of the United States Constitution; (c) this is a core proceeding under 28 U.S.C. § 157(b); (d) venue of this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; (e) notice of the Motion and the hearing thereon was sufficient under the circumstances; (f) the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and (g) the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtor shall cause a copy of this Final Order to be served on each Utility Provider listed on the Utility List attached to the Motion as **<u>Exhibit C</u>** no later than two (2) business days after the date this Final Order is entered.

3.      The Debtor shall deposit the Adequate Assurance Deposit in the Adequate Assurance Account within thirty (30) days of the Petition Date.

4.      Subject to the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the

ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.     As more fully described below, each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility List attached to the Motion as **Exhibit C**, and as may be amended or modified in accordance with this Final Order.

6.     If an amount relating to Utility Services provided post-petition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (a) proposed counsel to the Debtor, Baker & Hostetler LLP, 200 South Orange Avenue, Suite 2300, Orlando, Florida 32801-3432, Attn: Elizabeth Green (egreen@bakerlaw.com), Jimmy D. Parrish (jparrish@bakerlaw.com), and Andrew V. Layden (alayden@bakerlaw.com): (b) the U.S. Trustee for the Middle District of Florida, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801; and (c) counsel to any statutory committee appointed in the Chapter 11 Case (collectively, the "Notice Parties"). The Debtor shall honor such request within ten (10) business days after the date the Debtor receives the request, subject to the ability of the Debtor and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.

7.     The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtor after reconciliation and payment by the Debtor of the Utility Provider's final invoice for services rendered during the Chapter 11 Case in accordance with applicable non-bankruptcy law.

8.     The following "Adequate Assurance Procedures" are hereby approved:

(a)     Any Utility Provider desiring assurance of future payment of utility services in excess of the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") on the Notice Parties. An Additional Assurance Request may be made at any time.

(b)     Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Provider; and (iv) explain why the requesting Utility Provider believes the proposed Adequate Assurance Deposit is not adequate assurance of future payment.

(c)     Upon receipt of an Additional Assurance Request as set forth above, the Debtor shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request.

(d)     The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Provider and without further order of the Court, and may, in connection with any such resolution, in its discretion, provide the requesting Utility Provider with additional adequate assurance of future payment in a form satisfactory to the Utility Provider, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable; *provided, however*, that the Debtor shall maintain a summary record of such agreements and their respective terms, and such summary record and agreements themselves shall be available to any official committee appointed in the Chapter 11 Case and the U.S. Trustee, upon request.

(e)     If the Debtor and the Utility Provider are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code. The Court will set the Determination Hearing within fourteen (14) days of the request for hearing, or as soon thereafter as the Court's schedule allows, at which time any unresolved Additional Assurance Requests shall be considered, pursuant to Bankruptcy Code section 366(c)(3)(A). Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

9.      The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

4933-0936-8404.1

10.     Unless and until a Utility Provider files an objection or serves an Additional Assurance Request, or seeks and obtains an order of the Court modifying the amount of the Adequate Assurance Deposit under 11 U.S.C. § 366(c)(3), such Utility Provider shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (b) forbidden from (i) discontinuing, altering, or refusing services to, or discriminating against, the Debtor on account of any unpaid prepetition charges, the commencement of the Chapter 11 Case, or any perceived inadequacy of the Proposed Adequate Assurance, and (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

11.     The Debtor is authorized, following the giving of fourteen (14) days' notice to the affected Utility Provider and the Notice Parties, and the Debtor having received no objection from any such Utility Provider or any Notice Party, to add or remove any Utility Provider from the Utility Services List. With respect to an addition to the Utility Service List, the Debtor shall allocate an amount equal to approximately one-half of the Debtor's average monthly cost to the Adequate Assurance Deposit for each subsequently added Utility Provider as soon as practicable. If an objection is received, the Debtor shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Provider may agree. The Debtor shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Provider that the Debtor seeks to terminate or delete from the Utility Service List unless and until the fourteen (14) day notice period has passed and the Debtor has not received any objection to termination or deletion of such Utility Provider from the Utility Service List, or until any such objection has been resolved consensually or by order of this Court. For Utility Providers that are added to the Utility Service List, the Debtor will cause a copy of this Final Order, including the

5

Adequate Assurance Procedures, to be served on such subsequently added Utility Provider and the Notice Parties. Absent further Court order, any Utility Provider subsequently added to the Utility Service List shall be bound by the Adequate Assurance Procedures.

12.     Subject to the requirements for adding a Utility Provider to the Utility Services List detailed in the preceding paragraph of this Final Order, the Adequate Protection Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtor and are not limited to those parties or entities listed on the Utility Services List.

13.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

4933-0936-8404.1

14.     No Utility Provider may (a) alter, refuse, terminate, or discontinue utility services to, and/or discriminate against, the Debtor based on the commencement of the Chapter 11 Case or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Utility Provider providing the Debtor continued utility services.

15.     Nothing in this Final Order is intended or shall be deemed to constitute a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether such entity is listed on the Utility Service List or is served with a copy of this Final Order or the Motion.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable.

19.     The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Final Order.

20.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

21.     Counsel for the Debtor shall serve or cause to be served a copy of this Final Order on the proposed master service list and file a certificate of service within three business days of entry of this Final Order. Notice of the Final Order by ECF or e-mail shall constitute good and

4933-0936-8404.1

8

sufficient notice of the Final Order.

###

*Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*

4933-0936-8404.1