UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

The Villages Health System, LLC           Case No.:   6:25-bk-04156-LVV
                                          Chapter 11
          Debtor.
_____/

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) APPROVING POSTPETITION FINANCING, (II) AUTHORIZING THE USE OF CASH COLLATERAL, (III) APPROVING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) MODIFYING AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**

Mary Ida Townson, United States Trustee for Region 21 ("United States Trustee"), files this limited objection to the Debtor's *Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Approving Liens and Superpriority Administrative Expenses Status, (IV) Modifying Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* ("DIP Motion"; Doc. No. 4). In support of this objection, the United States Trustee states as follows.

**SUMMARY OF ARGUMENT**

In the absence of an unsecured creditors committee, the United States Trustee objects to the most extraordinary terms in the DIP Motion. The proposed rollup exceeds relief permitted by 11 U.S.C. § 364 and is not permitted in the Eleventh Circuit. The United States Trustee also objects to the encumbrance of fraudulent transfer and related causes of action because these are typically reserved for unsecured creditors and may be the only source of recovery in the instant case.

## BACKGROUND

1. On July 3, 2025 ("Petition Date"), the Debtor initiated this case by filing a voluntary chapter 11 petition (Doc. No. 1; "Petition").

2. On July 3, 2025, the Debtor also filed the DIP Motion. The Debtor seeks authorization to borrow up to $24,000,000.00 in new money advances including additional amounts related to the Prepetition Roll-Up for an aggregate principal amount of $39,000,000.00.

3. The Debtor further seeks to have DIP lender liens attach to and encumber any proceeds obtained from avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code or applicable state law equivalents.

4. The United States Trustee has not yet appointed an official committee of unsecured creditors and is unsure if there will be sufficient interest by unsecured creditors given that most of the unsecured debt in this case is held by the government.

## OBJECTION

5. First, the proposed roll-up is foreclosed by binding Eleventh Circuit case law. In *Matter of Saybrook Mfg. Co., Inc.*, 963 F.2d 1490 (11th Cir. 1992), the Court banned cross-collateralization, which is functionally identical to a rollup in that both procedures extend a post-petition lien to pre-petition debt. Pre-petition secured lenders seek these forms of relief, even if they are secured, because the post-petition collateral package is superior.

6. The reasoning of *Saybrook* bars rollups as well. The Eleventh Circuit explained that "[b]y their express terms, sections 364(c) & (d) apply only to future—i.e., post-petition—extensions of credit. They do not authorize the granting of liens to secure pre-petition loans." *Id.* at 1495. It also made very clear that a bankruptcy court cannot extend the comprehensive scheme of section 364 by resort to its general equitable powers. *Id.* at 1495. *See also Law v. Siegel*, 571 U.S. 415, 421 (2014) (finding section 105(a) of the Bankruptcy Code does not permit courts to override explicit mandates

of other sections of the Bankruptcy Code). This reasoning applies equally to rollups and cross-collateralization. Although this Court has not ruled squarely on the issue, in the recent case of *Aviation Safety Resources* (Case No. 6:23-bk-04639-GER) the Court expressed skepticism of rollups in connection with that debtors' first-day hearings on debtor-in-possession financing, such that the parties went "back to the drawing board" and removed the provision.

7. Second, as part of the Final DIP Order, the Debtor seeks to have the DIP Lender Liens attach to and encumber the proceeds of any avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code or applicable state law equivalents.

8. As a preliminary matter, it is not clear that these avoidance actions constitute property of the estate at all. Some Courts have found that avoidance claims are not within the definition of property of the bankruptcy estate, because they [the claims] do not represent an interest of the debtor in property. See 11 U.S.C. § 541(a). Rather, they are rights that the trustee and a debtor in possession are given in a bankruptcy case. *See Guttman v. Martin (In re Railworks Corp.)*, 325 B.R. 709, 721 (Bankr. D. Md. 2005) (citing 11 U.S.C. §§ 544, 545, 547, 548, 549, 550). This is because the right to avoid and recover fraudulent transfers outside of bankruptcy belongs to the creditors, and not to the debtor. *Official Comm. of Unsecured Creditors v. Chinery (In re Cybergenics)*, 226 F.3d 237, 242 (3d Cir. 2000) ("Thus, at least outside of the context of bankruptcy, it is clear that a fraudulent transfer claim arising from Cybergenics' transfers and obligations belongs to Cybergenics' creditors, not to Cybergenics.").

9. Even if the Court is satisfied that such actions constitute property of the estate, the Court should not allow the creditor's lien under the facts of this case. The sale of the Debtor as a going concern realistically will not result in significant payment to the Debtor's unsecured creditors, and the creditor body's only hope is recovery from Chapter 5 causes of action. These

3

concerns are amplified by the fact that the DIP Lender is an insider that may have an incentive to insulate affiliates and related entities.

10.     Third and finally, the Court has already clarified that the releases sought in the DIP Motion are narrowly tailored to cover the lending transaction. This clarification should also be made in connection with the Final DIP Order.

WHEREFORE, the Court should deny the Motion or approve the Motion subject to the removal of the rollup provision, the encumbrance of chapter 5 causes of action, and the clarification that the Motion contains only a narrow release.

DATED:  July 22, 2025.          Respectfully submitted,

Mary Ida Townson
United States Trustee, Region 21

   /s/  Wanda D. Murray
Wanda D. Murray, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 0566381
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6070
wanda.murray@usdoj.gov

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 22, 2025 I caused a true and correct copy of the foregoing United States Trustee's Objection to be furnished by CM/ECF on all parties appearing electronically in the matter, and by United States Mail to the Local Rule 1007-2 Parties in Interest List appearing on the attached matrix and the following:

The Villages Health System, LLC
7580 Middleton Drive
Middleton, FL 34762

                                                                     /s/   Wanda D. Murray
                                                                    Wanda D. Murray, Trial Attorney