ORDERED.

Dated: July 29, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| In Re: | Case No.: 6:25-bk-04156-LVV |
|---|---|
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | Chapter 11 |
| Debtor. | |

**FINAL ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE
ITS INSURANCE PROGRAMS, (II) PAY ALL PREPETITION
AND POST-PETITION OBLIGATIONS WITH RESPECT THERETO,
AND (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS
AND TRANSFERS RELATED TO SUCH INSURANCE OBLIGATIONS**

THIS CASE came before the Court on July 23, 2025, at 10:00 a.m. (EST) (the "Hearing") upon the motion (the "Motion")[2] [Doc. No. 8] filed by The Villages Health System, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case, for entry of an order (this "Final Order") (a) authorizing, but not directing, the Debtor to (i) continue its Insurance Program and honor prepetition and post-petition obligations with respect thereto; and

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.
[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

(ii) renew, supplement, modify, extend, terminate, or purchase insurance coverage in the ordinary course of business, as necessary; (b) authorizing and directing applicable banks and financial institutions to honor and process checks and transfers related to such insurance obligations; and (c) granting related relief, as further described in the Motion, and upon consideration of the First Day Declaration and the record of the Chapter 11 Case, and this Court having found that (i) this Court has jurisdiction over the Debtor, its estate, and property of its estate to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, (ii) this Court may enter an interim order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b), (iv) venue of the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order, and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED** that:

    1.    The Motion is **GRANTED**.

    2.    The Debtor is authorized, but not required, to pay all pre-petition Insurance Obligations in connection with the Insurance Program coming due in the ordinary course of business, and those Insurance Obligations that were due and payable as of the Petition Date. All Insurance and Broker Obligations paid in accordance with this order shall be identified in the Debtor's Monthly Operating Reports.

4920-4475-2722.4

3.      The Debtor is authorized to maintain the Insurance Program without interruption on the same basis and to the extent consistent with their practices and procedures that were in effect prior to the Petition Date and to continue, renew, and enter into new arrangements consistent therewith.

4.      Except as set forth below, without further order of this Court, the Debtor is authorized to honor its Insurance Obligations under the Insurance Program and to renew the existing Commercial Insurance Policies or enter into new arrangements in the ordinary course of business, as may be required as the annual terms of existing arrangements expire.

5.      Without further order of this Court, the Debtor is authorized, but not directed, to amend, supplement, change, or enter into new broker retention agreements in connection with the Insurance Programs and to pay any Broker Fees, whether incurred or due and payable before or after the Petition Date, in the ordinary course of the Debtor's business.

6.      The Banks shall be and hereby are authorized and directed to receive, process, honor, and pay all checks and fund transfers on account of the Insurance Obligations that had not been honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments. The Banks are authorized to rely on the Debtor's representations as to which checks and fund transfers are authorized to be honored and paid pursuant to this Final Order.

7.      This Final Order is without prejudice to the rights of the Debtor and its estate to contest the validity, priority, or amounts of any Insurance Obligations on any grounds it deems appropriate, and any rights of the Debtor and its estate with respect to such matters shall be reserved.

8. To the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Final Order nor any payments made in accordance with this Final Order shall constitute the post-petition assumption of any such program or any related contract or agreement pursuant to section 365 of the Bankruptcy Code.

9. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order or any payment made pursuant to this Final Order shall constitute, nor it is intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtor's estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be immediately effective and enforceable upon its entry.

12. The Debtor is hereby authorized to take all actions it deems necessary to effectuate the relief granted in this Final Order.

5

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

###

*Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*