ORDERED.

Dated: July 29, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| In Re: | Case No.: 6:25-bk-04156-LVV |
|---|---|
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | Chapter 11 |
| Debtor. | |

## ORDER GRANTING DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR TO (A) PAY AND HONOR PREPETITION PATIENT REFUND OBLIGATIONS, AND (B) MAINTAIN AND ADMINISTER ITS EXISTING PATIENT REFUND PROGRAM, AND (II) GRANTING RELATED RELIEF

THIS CASE came before the Court on July 23, 2025, at 10:00 a.m. (the "Hearing") upon the motion (the "Motion")[2] [Doc. No. 77] of The Villages Health System, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order (this "Order") (I) authorizing, but not directing the Debtor to (a) honor its prepetition patient refund obligations, and (b) maintain and administer its patient refund policy,

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

[2] Capitalized terms not defined in this Order are used as defined in the Motion.

and (II) for related relief; and upon consideration of the Motion; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution; and it appearing that the relief requested by this Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtor is authorized, but not directed, to maintain and administer its Patient Refund program and to pay and honor related prepetition Patient Refunds in the ordinary course of its business, as necessary and appropriate in the Debtor's business judgment.

3. The Debtor is authorized to issue postpetition checks or fund transfer requests to replace any checks or fund transfer requests that were dishonored as a consequence of this Chapter 11 Case regarding prepetition amounts owed in connection with the relief granted herein.

4. Nothing contained in the Motion or this Order, nor any payment made pursuant to this Order is intended to be or shall be construed as (a) an admission as to the validity or priority of any claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any claim, including the validity or priority thereof, or (c) an approval or assumption of any agreement, contract, or lease whether under section 365(a) of the Bankruptcy Code or otherwise.

5. Except as otherwise provided in this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. Notwithstanding any other provision of this Order, any payment made or to be made, or authorization contained herein is subject to the requirements imposed on the Debtor under any approved postpetition financing facility or order regarding the use of cash collateral approved by the Court in this Chapter 11 Case, including without limitation, the interim or final orders (as applicable, the "DIP Order") approving the *Debtor's Emergency Motion for Interim and Final Orders (I) Approving Postpetition Financing, (II) Authorizing the Use of Cash Collateral, (III) Approving Liens and Superpriority Administrative Expenses Status, (IV) Modifying Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief*, and in the event of an inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the DIP Order and approved budget (as defined in the DIP Order) shall control.

7. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and the relief requested herein is necessary to avoid immediate and irreparable harm.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. Under the circumstances of this Chapter 11 Case, notice of the Motion and hearing are adequate under Bankruptcy Rule 6004(a).

11. This Court shall retain jurisdiction to hear and determine all matters related to the interpretation or implementation of this Order.

###

Attorney Elizabeth A. Green, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.

4921-1918-4727.2