ORDERED.

Dated: August 01, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| In Re: | Case No.: 6:25-bk-04156 |
|---|---|
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | Chapter 11 |
| Debtor. | |

**ORDER DIRECTING APPOINTMENT OF PATIENT CARE OMBUDSMAN**

THIS CASE came before the Court for hearing on July 23, 2025, upon the debtor's Motion under 11 U.S.C. § 333 to Excuse the Debtor from Appointment of a Patient Case Ombudsman ("Ombudsman Motion"; Doc. 17), and the Notice of Withdrawal of Motion Under 11 U.S.C. § 333 to Excuse the Debtor from Appointment of a Patient Care Ombudsman (Doc. No. 87). Based on the withdrawal of the Ombudsman Motion, and pursuant to 11 U.S.C. § 333(b), the Court, having reviewed the record in this matter and considered the position of interested parties at the hearing, hereby directs the United States Trustee to appoint a Patient Care Ombudsman for this case. Accordingly, it is now

**ORDERED:**

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

1. The United States Trustee is directed to appoint a disinterested Patient Care Ombudsman in this case within ten days of the entry of this Order.

2. The United States Trustee shall file a notice of the appointment with the Court including the name and address of the person appointed and the verified statement required by Bankruptcy Rule 2007.2(c).

3. The Patient Care Ombudsman shall maintain any information obtained that relates to patients (including information relating to patient records) as confidential information. The Court hereby approves review of patient records and orders that any such records be maintained as confidential pursuant to all applicable federal and state laws regarding patient records. The Patient Care Ombudsman shall have access to patient records, consistent with the authority outlined in 11 U.S.C. § 333(c)(1), sufficient to enable the Patient Care Ombudsman to comply with the requirement set forth in Federal Rule of Bankruptcy Procedure 2015.1(a) of providing notice to patients.

4. The Debtor and its retained professionals are required to provide complete cooperation with the Patient Care Ombudsman, including (but not limited to) making the physical premises and all records available for inspection and all employees, independent contractors and managers available for interview.

5. Moreover, the Debtor shall assist the Patient Care Ombudsman in complying with Federal Rule of Bankruptcy Procedure 2015.1(a), by providing service of necessary notices on patients, or on any personal or legal representative of the patients.

6.  In the event there is a lack of cooperation between the Debtor and Patient Care Ombudsman, the Ombudsman is directed to contact the Court and request a hearing if necessary.

7.  The Patient Care Ombudsman may file an application to retain counsel or hire other professionals if such retention is necessary to discharge his or her duties.  The Patient Care Ombudsman shall not retain any professionals unless such professionals first are employed under 11 U.S.C. § 327.  The Patient Care Ombudsman shall consult with the United States Trustee before filing any such application.

8.  Compensation and reimbursement of the Patient Care Ombudsman shall be determined by application pursuant to 11 U.S.C. § 330 and may be awarded compensation as provided by 11 U.S.C. § 330 and Fed. R. Bankr. P. 2016.  In accordance with 11 U.S.C. § 330(a)(1)(B), the patient care ombudsman may be reimbursed for actual, necessary expenses, including reasonable and necessary fees and expenses of professionals, under appropriate circumstances, and only upon application of the Court.

9.  No later than sixty (60) days after the date of appointment, the Patient Care Ombudsman shall file a written report with the Court as required by 11 U.S.C. § 333(b)(2) regarding the quality of patient care provided to patients of the Debtor. Additional reports shall be filed at no less than 60-day intervals thereafter unless otherwise directed by the Court.

10.  The Patient Care Ombudsman shall perform his or her duties until this case is closed or dismissed or until further order of this court.

11.  In the sole discretion of the United States Trustee, the same person may be appointed as a Patient Care Ombudsman, and as a Consumer Privacy Ombudsman.

12. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

\#     \#     \#

Copies to (Service by BNC): All creditors and parties in interest.