ORDERED.

Dated:  August 08, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| In Re: | Case No.: 6:25-bk-04156-LVV |
|---|---|
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | Chapter 11 |
| Debtor. | |

**ORDER (I) AUTHORIZING THE DEBTOR TO RETAIN AND
EMPLOY SOLIC CAPITAL ADVISORS, LLC TO PROVIDE THE DEBTOR
A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL
*NUNC PRO TUNC* TO THE PETITION DATE, (II) DESIGNATING
NEIL F. LURIA AS CHIEF RESTRUCTURING OFFICER *NUNC PRO
TUNC* TO THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**

This case came before the Court without a hearing upon the Debtor's Application for Entry of an Order (I) Authorizing the Debtor to Retain and Employ GBH SOLIC Holdco, LLC ("SOLIC") to Provide the Debtor a Chief Restructuring Officer and Additional Personnel *Nunc*

---

[1] The address of the Debtor is 600 Sunbelt Road, The Villages, Florida 32159. The last four digits of the Debtor's federal tax identification number is 6436.

*Pro Tunc* to the Petition Date, (II) Designating Neil F. Luria as Chief Restructuring Officer *Nunc Pro Tunc* to the Petition Date, and (III) Granting Related Relief (Doc. No. 73) (the "Application")[2], and the Court having reviewed the Application and the Luria Declaration; and the Court noting that no objections to the Application have been filed prior to the expiration of the negative notice period; and the Court being satisfied, based on the representations made in the Application and the Luria Declaration, and the arguments of counsel, that SOLIC and its employees represent no interest adverse to the Debtor's estate with respect to matters upon which they are to be engaged; that, with the exception of the roles the professional staff of SOLIC are serving for the Debtor in connection with the Chapter 11 Case, they are "disinterested persons: as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Application is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtor and its estate and creditors; and after due deliberation and sufficient cause appearing therefor; it is

**ORDERED** that:

1. The Application is **GRANTED** as set forth herein.

2. The Debtor is authorized to retain SOLIC and employ Neil Luria and Additional Personnel provided by SOLIC, effective *nunc pro tunc* to the Petition Date.

3. SOLIC and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases. No principal, employee or independent contractor of

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Application.

4920-9500-2713.2

SOLIC and its affiliates shall serve as a director of any of the above-captioned Debtor(s) during the pendency of the above-captioned cases. In the event the Debtor seeks to have SOLIC personnel assume executive officer positions that are different than the position disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of the Chief Restructuring Officer or (ii) altering or expanding the scope of the engagement, a motion to modify the Application shall be filed.

4.  SOLIC shall file on a monthly basis with the Court, and provide notice to (a) the U.S. Trustee, (b) counsel to any official committees (if any), and (c) counsel to PMA Lender, LLC, of a staffing report for the immediately preceding month. All reports shall be subject to review by the Court in the event an objection is filed within five (5) business days of the filing of a staffing report. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employees provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments.

5.  Notwithstanding the requirements of the immediately preceding paragraph, the Debtor is authorized, but not directed to, pay on a weekly basis or otherwise in accordance with the Engagement Agreement in the ordinary course of business all amounts invoiced by SOLIC for fees and expenses incurred in connection with its retention.

6.  Success fees, transaction fees, or other back-end fees shall be approved by the Court

at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee. For the avoidance of doubt the Deferred Restructuring Fee (as defined in Section 2.c. of the Engagement Letter) is controlled by this provision.

7. The Debtor is permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy.

8. There shall be no indemnification of SOLIC or its affiliates.

9. For a period of three years after the conclusion of the engagement, neither SOLIC nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor.

10. SOLIC shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

11. Notwithstanding anything to the contrary in the Engagement Letter or any attachments thereto, and in particular, Section 3.a. of the Engagement Letter, any limitation of liability provision in the Engagement Letter shall be of no force and effect during the pendency of the above-captioned case.

12. Notwithstanding anything to the contrary in the Engagement Letter or any attachments thereto, and in particular, Section 3.d. of the Engagement Letter, SOLIC shall have the duties imposed upon it by applicable law.

13. SOLIC shall use its reasonable best efforts and will coordinate with the Debtor and

its other retained professionals not to duplicate any of the services provided to the Debtor by any of its retained professionals.

14. To the extent the Application or the Luria Declaration are inconsistent with this Order, the terms of this Order shall govern.

15. The Debtor is authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #

*Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*

4920-9500-2713.2