ORDERED.

**Dated:  August 17, 2025**

_____
Lori V. Vaughan
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In Re: | Case No.: 6:25-bk-04156-LVV |
| **THE VILLAGES HEALTH SYSTEM, LLC,[1]** | Chapter 11 |
| **Debtor.** | |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF
STRETTO, INC. AS CLAIMS AND NOTICING AGENT PURSUANT TO
28 U.S.C. § 156(C) AND 11 U.S.C. § 105(A) AND GRANTING RELATED RELIEF**

This case came before the Court for hearing on July 9, 2025 at 10:00 a.m. (the "Hearing")

upon the Debtor's *Application for an Order Appointing Stretto, Inc. as Claims and Noticing Agent*

*Pursuant to 28 U.S.C. §156(c) and  11 U.S.C. §105(a) and Granting Related Relief* [Doc. No. 11]

(the "Application")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for

entry of an order (this "Order"), authorizing the retention and appointment of Stretto Inc.

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

[2] Capitalized terms used in the Order but not otherwise defined have the meanings ascribed to them in the Application.

("Stretto") as the claims and noticing agent to, under 28 U.S.C. § 156(c), and Section 105(a) of the Bankruptcy Code, to among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtor's Chapter 11 Case, and (iii) provide such other administrative services—as required by the Debtor— that would fall within the purview of services to be provided by the Court Clerk, and (b) granting related relief, all as more fully set forth in the Application; and upon the Betance Declaration submitted in support of the Application; and upon the First Day Declaration; and the Debtor having estimated that there are potentially 70,000 notice parties in this Chapter 11 Case, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Court Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtor's expense, outside agents and facilities to provide notices to parties in chapter 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Stretto has the capability and experience to provide such services and that Stretto does not hold an interest adverse to the Debtor or the estate respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of Stretto is in the best interests of the Debtor, the estate and creditors and sufficient cause appearing; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having reviewed the Application and having heard the statements in support of the

relief requested therein at the Hearing; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon consideration of all documents on file with the Court and all proceedings had before this Court; and after due deliberation, finding good and sufficient cause therefor, it is

**ORDERED**:

1.      Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved as set forth in this Order.

2.      The Debtor is authorized to retain Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Engagement Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this Chapter 11 Case, and all related tasks, all as described in the Application (the "Claims and Noticing Services"). The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of services.

3.      Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this Chapter 11 Case and is authorized and directed to maintain the official claims register for the Debtor, to provide public access to every proof of claim filed in this Chapter 11 Case unless otherwise ordered by the Court and to provide the Court Clerk with a certified duplicate thereof upon the request of the Court Clerk.

4.      Stretto is authorized and directed to provide an electronic interface for filing proofs of claim—to the extent necessary—and to obtain a post office box or address for the receipt of proofs of claim.

5.      The Debtor and Stretto are authorized to take such other action to comply with all duties set forth herein and in the Application.

6.      The Debtor is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7.      Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. With respect to services provided prior to the effective date of a chapter 11 plan in this Chapter 11 Case, Stretto shall serve monthly invoices on the Debtor, the United States Trustee, counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

8.      The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided*, *however*, that the parties may seek resolution of the matter from this Court if resolution is not achieved.

9.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtor's estate.

10.      Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during the Chapter 11 Case as security for the payment of fees and expenses incurred under the Engagement Agreement.

11.      The Debtor shall indemnify Stretto under the terms of the Engagement Agreement, as modified pursuant to this Order.

12.     All requests by Stretto for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall Stretto be indemnified in the case for its own bad faith, breach of fiduciary duty (if any), gross negligence, or willful misconduct. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense for a contractual dispute in which the Debtor alleges the breach of Stretto's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law.  All parties' rights to object to any request by Stretto for indemnification are reserved.

13.     In the event that Stretto seeks reimbursement from the Debtor for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Stretto's own applications, both interim and final, but determined by this Court after notice and a hearing. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

14.     In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Court Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Court Clerk and the Debtor's attorney.

15.     The Debtor may submit a separate retention application, pursuant to Section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

16.     Stretto shall not cease providing claims processing services during this Chapter 11 Case for any reason, including nonpayment, without an order of this Court; *provided*, *however*, that Stretto may seek such an order on expedited notice by filing a request with this Court with notice of such request to be served on the Debtor, the United States Trustee, and any official committee of creditors appointed in this Chapter 11 Case by facsimile or overnight delivery; *provided*, *further*, that except as expressly provided herein, the Debtor and Stretto may otherwise terminate or suspend other services as provided under the Engagement Agreement.

17.     After entry of an order terminating Stretto's services as the Claims and Noticing Agent, upon the closing of this Chapter 11 Case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable.

18.     Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtor's entry into any post-petition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtor's use of cash collateral and any budget in connection therewith.

19.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.     The Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

23.     Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

24.     In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

# # #

*Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*

4901-3235-2859.2