**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

————————————————————— x
In re                                                :        Chapter 11
                                                     :
THE VILLAGES HEALTH SYSTEM, LLC,[1]                  :        Case No.: 6:25-bk-04156-LVV
                                                     :
        Debtor.                                      :
                                                     :
————————————————————— x

**OBJECTION OF UNITEDHEALTHCARE INSURANCE COMPANY**
**AND UNITEDHEALTHCARE OF FLORIDA, INC. TO**
**(I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND (II) THE PROPOSED CURE AMOUNTS**

UnitedHealthcare Insurance Company and UnitedHealthcare of Florida, Inc.,
together with their affiliates (collectively, "UnitedHealthcare"), hereby submit this objection (the
"Objection") to (i) the Debtor's proposed assumption and assignment of the executory contracts
(the "Proposed UnitedHealthcare Contracts") to which UnitedHealthcare is a counterparty as set
forth in the Debtor's *Notice of Executory Contracts that may be Assumed and Assigned in
Connection with the Sale Transaction* (the "Notice") and (ii) the proposed cure amounts (the
"Proposed Cure Amounts") of the Proposed UnitedHealthcare Contracts set forth in the Notice
and respectfully state as follows:[2]

---

[1]     The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax
        identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

[2]     UnitedHealthcare reserves all rights to object to the adequate assurance of future performance of the successful
        bidder.   Additionally, UnitedHealthcare are parties to contracts with certain non-Debtor affiliates.
        UnitedHealthcare understands that these non-Debtor affiliates contracts are unaffected by the Debtor's proposed
        sale transaction and the related contract assumptions and assignments.  To the extent that the Debtor or any other
        party purports to assume, assign or otherwise alter UnitedHealthcare's rights under these non-Debtor affiliate
        contracts, UnitedHeathcare's rights are expressly reserved.

**Background**

1.    On August 4, 2025, the Debtor served the Notice.  The following Proposed UnitedHealthcare Contracts were listed as executory contracts subject to potential assumption by the Debtor and assignment to the stalking horse bidder or any other successful bidder in connection with the Debtor's sale of all or substantially all of its assets along with the Debtor's Proposed Cure Amounts:

| Contract | Counterparty | Cure Amount |
|---|---|---|
| Services Agreement | United Healthcare Insurance Company | $187.36 |
| Medical Group Participation Agreement and Amendment | United Healthcare Insurance Company | $0.00 |
| Twenty-fourth Amendment to the Medical Group Participation Agreement | UnitedHealthcare Insurance Company | $0.00 |
| 21st Amendment to the Medical Group Participation Agreement | UnitedHealthcare Insurance Company, on behalf of itself, UnitedHealthcare of Florida, Inc. and its other affiliates | $0.00 |
| Medical Group Participation Agreement | UnitedHealthcare Insurance Company, on behalf of itself, UnitedHealthcare of Florida, Inc. and its other affiliates | $0.00 |
| Medical Group Participation Agreement and Amendment | UnitedHealthcare of Florida, Inc. | $0.00 |
| Intellectual Property License Agreement and Amendment(s) | UnitedHealthcare Services, Inc. | $0.00 |
| Office Building Sublease Agreement and Amendments | UnitedHealthcare Services, Inc. | $0.00 |

2.    UnitedHealthcare understands from counsel to the Debtor that the current expectation is that the Debtor will not be assuming and assigning the Proposed UnitedHealthcare Contracts to the stalking horse bidder or any other successful bidder, but in the event that it does, UnitedHealthcare objects to the proposed assumption and assignment of the Proposed UnitedHealthcare Contracts and the Proposed Cure Amounts as set forth below.

**<u>Objections</u>**

**A.    The Debtor Cannot Assume and Assign the Proposed UnitedHealthcare Contracts.**

3.      In the event that the Debtor does intend to assume and assign any of the Proposed UnitedHealthcare Contracts to the stalking horse bidder or the successful bidder, it must satisfy all of the requirements of section 365 of the Bankruptcy Code.  First, the Debtor must assume and assign all of the Proposed UnitedHealthcare Contracts in their entirety and not piecemeal.  Second, the Debtor may only assume and assign contracts that are appropriately and clearly identified.  Absent assumption and assignment of all contracts in their entirety and additional information regarding certain Proposed UnitedHealthcare Contracts, the Debtor cannot assume and assign the Proposed UnitedHealthcare Contracts.

1.      <u>The Debtor Cannot Cherry Pick Contracts to Assume and Assign.</u>

4.      UnitedHealthcare objects to the proposed assumption and assignment of the Proposed UnitedHealth Contracts because the Debtor is not assuming and assigning all related contracts.

5.      A party who assumes an executory contract must assume it in its entirety; it may not be assumed in part and rejected in part.  *See Department of the Air Force* v. *Carolina Parachute Corp.*, 907 F.2d 1469, 1471 (4th Cir. 1990).  A debtor cannot assume the benefits of an executory contract without assuming its burdens as well.  *See In re Gardinier, Inc.*, 831 F.2d 974, 975 (11th Cir. 1987); *Lee* v. *Schweiker*, 739 F.2d 870, 876 (3rd Cir. 1984).

6.      The Notice lists the same agreement in multiple entries:  (i) Medical Group Participation Agreement and Amendment – UnitedHealthcare Insurance Company; (ii) Twenty-Fourth Amendment to the Medical Group Participation Agreement – UnitedHealthcare Insurance Company; (iii) Twenty-First Amendment to the Medical Group Participation Agreement – UnitedHealthcare Insurance Company, on behalf of itself, UnitedHealthcare of Florida, Inc., and

its other affiliates; (iv) Medical Group Participation Agreement – UnitedHealthcare Insurance Company, on behalf of itself, UnitedHealthcare of Florida, Inc., and its other affiliates; and (v) Medical Group Participation Agreement and Amendment – UnitedHealthcare of Florida, Inc.

7.      There are three separate references to "Medical Group Participation Agreement".  It is unclear what the Debtor's intention is.  To UnitedHealthcare's knowledge and understanding, all of the referenced Medical Group Participation Agreements and related amendments are part of a single agreement.  Accordingly, the Debtor must assume and assign it in its entirety, including all of the relevant amendments.  The Debtor must clarify why there are three separate references to the same agreement and what its intention is before attempting to assume and assign that contract.

8.      UnitedHealthcare and the Debtor entered into the Medical Group Participation Agreement in 2013.  Under the Medical Group Participation Agreement, among other things, the Debtor agrees to provide services to UnitedHealthcare's members, to accept reimbursement at specific fixed rates or capitated rates for such services, and not to bill UnitedHealthcare's members for any other amounts (except under limited circumstances).  As of commencement of this chapter 11 case, UnitedHealthcare and the Debtor have amended the Medical Group Participation Agreement 26 times (collectively, the "Amendments").  These Amendments are essential to the contractual relationship between UnitedHealthcare and the Debtor under the Medical Group Participation Agreement as they implement revisions to the fee and payment schedules and provide updates to health benefit plans.  Therefore, in the event that the Debtor does seek to assume and assign the Medical Group Participation Agreement to the stalking horse bidder or the successful bidder, it must only do so in its entirety, including all amendments.

2.      The Notice Does Not Adequately Identify the Contracts to be Assumed and
         Assigned.

9.      Bankruptcy Rule 6006(f) requires, among other things, that any request to
assume an executory contract list the names of the parties and otherwise identify the corresponding
contract.  As referenced above, the Notice includes three separate entries addressing a Medical
Group Participation Agreement.  The Debtor must clarify why these are listed three separate times,
whether there is an intended distinction between each entry, and what that distinction is.
Additionally, the Notice does not adequately identify the listed "Services Agreement."
UnitedHealthcare has been unable to identify the specific contract to which the Debtor refers and
is therefore unable to assess the proposed cure amount.  The Debtor must adequately identify the
Services Agreement and the calculation of the proposed cure amount of $187.36.

10.     UnitedHealthcare reserves all rights with respect to the three separate
references to the "Medical Group Participation Agreements" and the "Service Agreement"
identified in the Notice and the Proposed Cure Amount with respect thereto.

**B.      The Debtor's Proposed Cure Amounts are Incorrect.**

11.     Prior to assumption and assignment of an executory contract, pursuant to
section 365(b)(1) of the Bankruptcy Code, the debtor is required to cure any and all existing
defaults under such executory contract and provide adequate assurance of future performance of
such contract. 11 U.S.C. §365(b)(1).  The Debtor must comply with section 365 in order to assume
and assign the Proposed UnitedHealthcare Contracts.

12.     Under Section 7.10 of the Medical Group Participation Agreement, either
party may seek correction of payment in the event that either party believes that a claim has not
been paid correctly, or that funds were paid beyond or outside of what is provided for under the
Medical Group Participation Agreement.

13.    UnitedHealthcare has identified potential overpayments to the Debtor under the Medical Group Participation Agreement, both in the ordinary course and as a result of the HCC coding issues disclosed by the Debtor in the *Declaration of Neil Luria in Support of Chapter 11 Petition and First Day Motions* [D.I. 3].  (*See First Day Declaration*, ¶¶ 10-12.)  With respect to the HCC coding issues, UnitedHealthcare anticipates that the investigation into these issues and related amounts will take substantial time to fully resolve such that there is no feasible way to determine the overpayment amounts for purposes of determining a cure cost amount.

14.    With respect to ordinary course of business, the Debtor has continued to operate and to conduct business with UnitedHealthcare after the petition date and, as of now and to the best of UnitedHealthcare's knowledge, will continue to do so through the closing of any asset sale.  Given the time lag from a date of service to the submission to UnitedHealthcare by the Debtor of a claim for such services, it will take substantial amount of time before UnitedHealthcare even pays claims related to the prepetition period, let alone the post-petition period.  As a result, additional overpayments occurring before the closing date might be identified and such overpayments must be reimbursed to UnitedHealthcare under the Medical Group Participation Agreement.  UnitedHealthcare expects that the cure amount will continue to change as (i) the Debtor and UnitedHealthcare continue to engage in their ongoing business under the Medical Group Participation Agreement and (ii) UnitedHealthcare reviews claims paid for prior months (both pre- and post-petition) and identifies instances of overpayment.

15.    Accordingly, it is simply incorrect for the Proposed Cure Amount for the Medical Group Participation Agreement and the Amendments to be $0.00.  The Debtor cannot provide the stalking horse bidder or any successful bidder with the benefits of the Medical Group Participation Agreement but sidestep the Debtor's overpayment obligations.  Any bidder who

would like to reap the benefits of the Medical Group Participation Agreement with UnitedHealthcare must also cure all outstanding defaults, including all overpayment obligations. UnitedHealthcare submits that given the ongoing investigation into the HCC coding issues and the inability to determine the overpayment amounts, it is not possible for the Debtor to propose an appropriate cure amount to allow for the assumption and assignment of the Medical Group Participation Agreement and related Amendments. Accordingly, the Debtor cannot, and should not, be authorized to assume and assign the Medical Group Participation Agreement.

### Reservation of Rights

16.     As of the filing of this Objection, the Debtor has not officially designated the UnitedHealthcare contracts for assumption or assignment to a buyer. UnitedHealthcare reserves the right to object to any assumption or assignment of the UnitedHealthcare contracts, under the Bidding Procedures Order or otherwise, on adequate assurance of future performance or other grounds. UnitedHealthcare reserves all rights to supplement this Objection, as well as to assert any other objection at the appropriate time in connection with the proposed sale transaction and proposed assumption or assignment of any UnitedHealthcare contracts, or continuity of care obligations under applicable law.

### Conclusion

WHEREFORE, for the reasons set forth herein, UnitedHealthcare respectfully requests that the Court deny any proposed assumption and assignment of the Proposed UnitedHealthcare Contracts and the Proposed Cure Amounts absent resolution of the issues identified in this Objection.

Dated: August 18, 2025

**SULLIVAN & CROMWELL LLP**
/s/ *Andrew G. Dietderich*
Andrew G. Dietderich, New York Bar No. 2850584
Justin J. DeCamp, New York Bar No. 4373163
Alexa J. Kranzley, New York Bar No. 4707386
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:dietdericha@sullcrom.com
          decampj@sullcrom.com
          kranzleya@sullcrom.com
*Counsel to UnitedHealthcare Insurance Company
and UnitedHealthcare of Florida, Inc.*

AND

**STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.**
/s/ *Patricia A. Redmond*
Florida Bar No. 303739
Patricia A. Redmond, Esquire
Stearns Weaver Miller
Weissler Alhadeff & Sitterson, P.A.
150 West Flagler Street
Miami, Florida  33130
Phone: (305) 789-3553
predmond@stearnsweaver.com
*Co-Counsel to UnitedHealth Care Insurance Company
and UnitedHealthcare of Florida, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

By: /s/ *Patricia A. Redmond*
    Florida Bar No. 303739
    Patricia A. Redmond, Esquire