UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED VIA MAIL

AUG 20 2025

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:
The Villages Health System, LLC, et al.,
Debtors.
_____/

Chapter 11
Case No. 6:25-bk-04156-LVV
(Jointly Administered)

# OBJECTION OF JIM BESONG TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT

1 2 COMES NOW Dr. Jim Besong ("Objector"), by and through himself, and files this Objection to the proposed assumption and assignment of his Physician Employment Agreement (the "Agreement") in connection with the above-captioned Chapter 11 proceedings, and states as follows: 3 4 I. BACKGROUND 5 1. The Objector entered into the Agreement with The Villages Health System, LLC ("Debtor") effective January 6, 2025. 6 2. Under the Agreement, Objector was promised: 7 • Base annual compensation of $230,000 for three (3) years; 8 • A signup bonus of $15,000; and 9 • A gradual build-up of his patient panel over a period of approximately two years, to allow time to integrate into the Debtor's care model, including its RAF billing methodology. 10 3. Shortly after commencing employment, the Objector's workload increased drastically and unexpectedly due to multiple physician departures and leaves of absence at the Mulberry Care Center. This resulted in a full patient panel within two months, contrary to the agreed gradual build-up, and a significant increase in duties without a corresponding increase in compensation. 11 4. The Debtors now seek to assume and assign the Agreement to a third party purchaser (the "Proposed Assignee"). 12 13 II. GROUNDS FOR OBJECTION 14 A. Non-Assignability Clause 15 5. The Agreement contains provisions restricting or prohibiting assignment without the Objector's consent. Such clauses are enforceable under non-bankruptcy law, particularly in personal services contracts. 16 17 B. Personal Services Nature 18 6. The Agreement is for the provision of unique, specialized medical services. Physician employment agreements have been repeatedly recognized by courts as "personal services contracts" that cannot be assigned without consent pursuant to 11 U.S.C. §365(c)(1), as they involve a relationship of trust, skill, and confidence between the physician and the employer. 19 20 C. Change in Workload and Breach of Understanding 21 7. The conditions under which Objector agreed to perform services have materially changed. Instead of a gradual patient build-up, Objector was burdened with a full panel and additional patients from departing or absent physicians, severely impacting his work-life balance and health. 22 23 D. Detrimental Impact on Health and Trust 24 8. The significant and unexpected workload has caused undue stress, impacting Objector's mental health. The trust inherent in the employment relationship has been compromised, making continued performance under the Agreement — especially with an unfamiliar Proposed Assignee — untenable. 25 26 E. Adequate Assurance of Future Performance Not Provided 27 9. The Debtors and the Proposed Assignee have not provided adequate assurance under §365(b)(1)(C) that the terms of the Agreement will be honored, particularly regarding patient panel management, workload, and physician support. 28 29 III. RELIEF REQUESTED 30 WHEREFORE, the Objector respectfully requests that this Court: 31 a. Deny the Debtors' request to assume and assign the Agreement to the Proposed Assignee; 32 b. Alternatively, condition any such assumption/assignment upon written consent by the Objector and adequate assurance of performance; and 33 c. Grant such other relief as the Court deems just and proper. 34 35 DATED: [14th August 2025] 36 37 Respectfully submitted, 38 39 Dr. Jim Besong 40 [6451 NE 118TH AVE] 41 [THE VILLAGES, FLORIDA, 32162] 42 [407-714-1203] 43 [JEDDYCO@GMAIL.COM]

8/14/2025

44 45 CERTIFICATE OF SERVICE 46 I HEREBY CERTIFY that on this __14th_ day of __AUGUST_____, 2025, I caused a true and correct copy of the foregoing Objection to be served by First-Class U.S. Mail, postage prepaid or UPS Ground (express mail), and by email (where listed) to the following: 47 48 Proposed Counsel to the Debtors 49 Baker & Hostetler LLP 50 200 South Orange Avenue, Suite 2300 51 Orlando, FL 32801 52 Attn: Elizabeth Green (egreen@bakerlaw.com) 53 Attn: Andrew Layden (alayden@bakerlaw.com) 54 55 Counsel for PMA Lender, LLC 56 Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. 57 101 East Kennedy Boulevard, Suite 2700 58 Tampa, FL 33602 59 Attn: Lara R. Fernandez (lfernandez@trenam.com) 60 Attn: Rhys P. Leonard (rleonard@trenam.com) 61 62 United States Trustee 63 United States Trustee – Middle District of Florida 64 400 West Washington Street, Suite 1100 65 Orlando, FL 32801 66 Attn: Wanda D. Murray (wanda.murray@usdoj.gov) 67 68 Counsel to Proposed Assignee 69 Latham & Watkins LLP 70 330 North Wabash Avenue, Suite 2800 71 Chicago, IL 60611 72 Attn: Caroline Reckler, Esq. (caroline.reckler@lw.com) 73 74 Latham & Watkins LLP 75 1271 Avenue of the Americas 76 New York, NY 10020 77 Attn: Andrew Sorkin, Esq. (andrew.sorkin@lw.com) 78 79 Dr. Jim Besong 80 Pro Se Objector 81    _[signature]_  8/14/2025