# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVSION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | ) |
| | ) Case No.: 6:25-bk-04156-LVV |
| | ) |
| Debtor. | ) |

## VAXCARE, LLC'S OBJECTION TO PROPOSED CURE AMOUNTS AND ASSUMPTION OF CONTRACTS WITH RESERVATION OF RIGHTS

VaxCare, LLC ("VaxCare"), by and through the undersigned counsel, hereby files this objection (the "Objection") to the proposed cure amounts set forth in Debtor's *Notice of Executory Contracts That May Be Assumed and Assigned in Connection with the Sale Transaction* (the "Notice") and in support thereof respectfully shows as follows:

## BACKGROUND

1. On July 3, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida (the "Court"). Debtor continues to operate and manage its estate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditor or equity committees, trustees, or examiners has been appointed in the Chapter 11 case.

2. On July 28, 2025, this Court entered *its Order (A) Approving Bidding Procedures for Sale of Substantially All of the Debtor's Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve the Sale of the Debtor's Assets, (D) Approving Form and Manner of*

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

*Notice of Sale, Auction, and Sale Order Hearing, (E) Approving Assumption and Assignment Procedures, (F) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (G) Granting Related Relief* (Docket No. 110).

3. On August 4, 2025, Debtor served the Notice, listing two (2) contracts with VaxCare, each with a proposed cure amount of $0.00 (the "Proposed Cure Amount").

4. Upon information and belief, the two VaxCare contracts listed in the Notice refer to one Terms of Service Agreement dated January 2, 2024, between Debtor and VaxCare (as amended, the "Agreement"), through which VaxCare provides Debtor with management and dispensing solutions for vaccines and other medical products. A copy of the Agreement will be made available upon request by the appropriate parties.

**OBJECTION**

5. Section 365 of the Bankruptcy Code generally permits a debtor, in its discretion, to assume or to reject an executory contract. However, in order to assume an executory contract, a debtor must (i) cure (or provide adequate assurance that they will promptly cure) all defaults; (ii) compensate, or provide adequate assurance that they will compensate, the counter party to the executory contract for any pecuniary loss arising from such defaults, and (iii) provide adequate assurance of future performance under the contract. 11 U.S.C. §365.

6. The proper cure amount should include all liabilities and obligations that have arisen or accrued under a contract for after the Petition Date as well as prior to, or as of, the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-cures, or provides adequate assurance that the trustee will promptly cure such default. . .").

7. VaxCare objects to the proposed assumption of the Agreement because the Proposed Cure Amount is inaccurate, inasmuch as it does not include all pre-petition and post-petition amounts owing.

8. VaxCare has reviewed its records regarding outstanding receivables from Debtor under the Agreement and determined the current cure amount as of the date of filing this Objection is $19,997.35. Accordingly, it is simply incorrect for the Proposed Cure Amount for the Agreement to be $0.00. Information substantiating the amount set forth may be made available upon request by the appropriate parties.

9. VaxCare reserves its rights to further amend and/or supplement this Objection for any reason, including without limitation, any and all amounts due and owing under the Agreement as of the date of assumption.

10. As a condition precedent to any potential assumption of the Agreement, VaxCare demands that the correct cure, as set forth herein, be paid in full, consistent with the requirements of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

11. VaxCare expressly reserves all of its rights to supplement, modify or amend this Objection and make such other and further objections to the Notice or any assumption and assignment of any contract(s) between VaxCare and Debtor until such time as a final order is entered approving the cure cost with respect to such contracts. VaxCare further expressly reserves all rights to object to the assumption and assignment of the Agreement upon any grounds not relating to the Debtor's cure obligations, including, but not limited to demanding adequate assurance of future performance as required by law. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action, and defenses that

VaxCare has asserted, or may assert, with respect to any of proofs of claim against Debtor. In addition, nothing set forth herein shall be construed as a waiver, release, discharge, or disallowance of any and all administrative claims of VaxCare against Debtor. VaxCare reserves the right to seek allowance and payment of administrative priority claims with respect to any amounts that are due and owing to VaxCare from Debtor from and after the Petition Date.

WHEREFORE VaxCare, LLC respectfully requests that the Court in any final order approving the assumption and assignment of the Agreement address the objections set forth above. VaxCare requests such and further relief to which the Court finds to be just, equitable and proper.

Dated: August 21, 2025

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

*/s/ Shane G. Ramsey*
SHANE G. RAMSEY (Florida Bar No. 26842)
ADAM D. HERRING (*pro hac vice* to be filed)
Georgia Bar No. 441119
1222 Demonbreun Street, Suite 1700
Nashville, Tennessee 37203
Tel: (615) 664-5355
Fax: (615) 664-5399
shane.ramsey@nelsonmullins.com
adam.herring@nelsonmullins.com

C*ounsel for VaxCare, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered with CM/ECF.

                      */s/ Shane G. Ramsey*
                      Shane G. Ramsey (Florida Bar No. 26842)