ORDERED.

**Dated:  August 22, 2025**

_____

Lori V. Vaughan
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:25-bk-04156-LVV |
| **THE VILLAGES HEALTH SYSTEM, LLC,**[1] | Chapter 11 |
| **Debtor.** | |

### ORDER APPROVING PROCEDURES FOR INTERIM
### COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
### RETAINED PROFESSIONALS AND GRANTING RELATED RELIEF

This case came before the Court on August 18, 2025 at 3:00 p.m. (EST) (the "Hearing")

on the Debtor's _Motion for Entry of an Order Approving Procedures for Interim Compensation_

_and Reimbursement of Expenses of Retained Professionals and Granting Related Relief_ (Doc. No.

139) (the "Motion"), for entry of an order (this "Order") (i) approving compensation procedures

(the "Compensation Procedures") establishing an (a) orderly and regular process for interim

allowance and payment of compensation and reimbursement of expenses for retained

---

[1] The last four digits of the Debtor's federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.

1

Professionals[2] in the Chapter 11 Case, and (ii) granting related relief; and this Court having found

that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334; and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of

and the opportunity for a hearing on the Motion having been given; and the relief requested in the

Motion being in the best interests of the Debtor's estate, its creditors and other parties in interest;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

**ORDERED** that:

1.       The Motion is **GRANTED**.

2.       Except as may otherwise be provided in Court orders authorizing the retention of

specific professionals, all Professionals retained by the Debtor, the Debtor's estate or otherwise in

the Chapter 11 Case may seek monthly compensation in accordance with the following procedures:

(a)       On or after the tenth (10th) day of each month following the month for which compensation and reimbursement is sought, each Professional will serve a statement (the "Monthly Fee Statement") by mail or electronic transmission upon each of the following parties (collectively, the "Notice Parties"):

(i)       restructuring advisor to the Debtor, GBH SOLIC Holdco, LLC, 425 W. New England Avenue, Suite 300, Winter Park, Florida 32789, Attn: Neil Luria (nluria@soliccapital.com);

(ii)       proposed counsel to the Debtor, Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, FL 32801, Attn: Elizabeth A. Green (egreen@bakerlaw.com) and Andrew V. Layden (alayden@bakerlaw.com).

(iii)       counsel for the DIP financing lender: PMA Lender, LLC, Trenam, Kemper, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., 101 East Kennedy Blvd., Suite 2700, Tampa, FL 33602, Attn: Lara Roeske

---

[2]  Capitalized terms not defined in this Order are used as defined in the Motion.

Fernandez (lfrenandez@trenam.com) and Rhys P. Leonard (rleonard@trenam.com); and

(iv)    the Office of the United States Trustee for the Middle District of Florida, 400 W. Washington St., Suite 1100, Orlando, FL 32801, Attn: Wanda Murray (Wanda.Murray@usdoj.gov) and Scott E. Bomkamp (Scott.E.Bomkamp@usdoj.gov).

The first statement to be issued by the Professionals will cover the period from the Petition Date through July 31, 2025. Thereafter, each Professional shall serve a monthly statement. For the avoidance of doubt, in the event a committee is appointed in this Chapter 11 Case, counsel for such committee shall constitute a Notice Party for all purposes hereunder from and after the date of their engagement by the committee.

(b)    The Monthly Fee Statements need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(c)    Each Monthly Fee Statement must contain an abbreviated narrative of the services rendered, be accompanied by a printout or schedule of the reimbursable expenses incurred, and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Notice Parties) which, except as set forth above for the first statement, shall ordinarily be for services rendered through a particular calendar month.

(d)    Each Notice Party receiving a Monthly Fee Statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Notice Parties so as to have such objection actually received by the other Notice Parties on or before the 25th day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the Monthly Fee Statement that is deemed to be objectionable.

(e)    In the absence of any timely objection, the Debtor is authorized to pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses, except for fees and expenses as to which an objection may be served by one of the Notice Parties as provided below.

(f)    If the Debtor receives an objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the fee statement to

which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above. All Professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fee disputes shall not be paid upon the filing of an interim fee application as set forth below and after order of the Court.

(g)     Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the Professional whose statement was objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor is authorized to pay eighty percent (80%) of that portion of the Monthly Fee Statement which is no longer subject to an objection.

(h)     All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next scheduled omnibus hearing or a specially set hearing.

(i)     The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right, or any other party's right, to object to any fee application on any ground, whether or not raised in the objection to the Monthly Fee Statement. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

(j)     Unless the Court orders otherwise, each of the Professionals utilizing the procedures described in this Order shall file interim fee applications, for the amount of fees and costs sought above, in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code as follows:

i.      First Interim Fee Applications may be filed on or before November 20, 2025 (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the Professionals from the Petition Date through October 31, 2025.

ii.     Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four-month time period. All interim fee applications shall comply with the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases and shall be served on the parties listed in paragraph 2(a) above and all parties on the Local Rule 1007-2 Parties in Interest List. The Court shall schedule and conduct a hearing upon proper notice in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

(k)     Any Professional that fails to serve a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned and/or expenses incurred during previous months.

(l)     A Professional who fails to file an application seeking approval of compensation and expenses previously paid pursuant to these Compensation Procedures when such application is due shall be precluded from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

(m)     A determination by the Court that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses set forth above, unless otherwise ordered by the Court.

(n)     Neither the payment of nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3.     The Debtor shall include all payments to Professionals in its monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

4.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5.     All Professionals that are subject to this Order are required to certify their compliance with the terms of this Order in each Monthly Fee Statement.

6.     Upon motion or application, and after due notice to all requisite parties in interest, additional professionals employed by the Debtor or statutory committee (if applicable) may be authorized to participate in the monthly compensation procedures as set forth herein and as provided in the Motion.

7.     For the avoidance of doubt, the Motion and this Order do not change any aspect of GBH SOLIC Holdco, LLC's retention and employment pursuant to the *Order (I) Authorizing the Debtor to Retain and Employ SOLIC Capital Advisors, LLC to Provide the Debtor a Chief*

*Restructuring Officer and Additional Personnel Nunc Pro Tunc to the Petition Date, (II) Designating Neil F. Luria as Chief Restructuring Officer Nunc Pro Tunc to the Petition Date, and (III) Granting Related Relief* (Doc. No. 148) ("<u>SOLIC Retention Order</u>") and Section 363 of the United States Bankruptcy Code. GBH SOLIC Holdco, LLC is not required to follow the terms of this Order and shall be compensated in accordance with the SOLIC Retention Order.

8.      For the avoidance of doubt, the Motion and this Order do not change any aspect of Evercore Group, LLC's retention and employment pursuant to the *Order (I) Authorizing the Retention and Employment of Evercore Group, LLC, as Investment Banker for the Debtor Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Nunc Pro Tunc to the Petition Date and (II) Waiving Certain Time-Keeping Requirements* (Doc. No. 149) ("<u>Evercore Retention Order</u>"). Evercore Group, LLC is not required to follow the terms of this Order and shall be compensated in accordance with the Evercore Retention Order.

9.      Notwithstanding entry of this Order, nothing herein shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*Attorney Andrew V. Layden is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*