ORDERED.

**Dated:  August 26, 2025**

_____

Lori V. Vaughan
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| In re: | **Case No.: 6:25-bk-04156-LVV** |
| **THE VILLAGES HEALTH SYSTEM, LLC,**[1] | **Chapter 11** |
| **Debtor.** | |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I)
AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS USED IN
THE ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE,
AND (II) GRANTING RELATED RELIEF**

THIS CASE came before the Court on August 18, 2025, at 3:00 p.m. (EST) (the "Hearing")

upon the motion (the "Motion")[2] of The Villages Health System, LLC (the "Debtor"), the debtor

and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry

of an order (this "Order") (I) authorizing the Debtor to retain and compensate certain professionals

---

[1]    The address of the Debtor is 600 Sunbelt Road, The Villages, Florida 32159. The last four digits of the Debtor's federal tax identification number is 6436.

[2]    Capitalized terms not defined in this Order are used as defined in the Motion.

used in the ordinary course of the Debtor's business (the "Ordinary Course Professionals"), and (II) for related relief; and upon consideration of the Motion; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and finding that the Court may enter an order consistent with Article III of the United States Constitution; and it appearing that the relief requested by this Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and upon the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtor is authorized, but not directed, pursuant to sections 327, 328, 330, 363(b) and 105(a) of the Bankruptcy Code, to employ the Ordinary Course Professionals, including the anticipated Ordinary Course Professionals listed on Exhibit A attached hereto, in the ordinary course of the Debtor's business, effective as of the Petition Date, in accordance with and subject to the Procedures.

3.       Except as otherwise stated herein, the Debtor shall be permitted to pay each Ordinary Course Professional, without prior application to the Court, one hundred percent (100%) of the fees and expenses incurred by such Ordinary Course Professional after the Petition Date upon submission to, and approval by, the Debtor of an invoice containing the information required by the Procedures, provided that the fees and expenses for any individual Ordinary Course Professional shall not exceed the OCP Cap.

4. The following Procedures for the retention and payment of Ordinary Course Professionals are hereby approved:

a. Each Ordinary Course Professional shall file with this Court and serve upon: (i) counsel to the Debtor, Baker & Hostetler LLP, SunTrust Center, Suite 2300, 200 South Orange Avenue, Orlando, Florida 32801-3432 (Attn: Elizabeth A. Green (egreen@bakerlaw.com) and Andrew V. Layden (alayden@bakerlaw.com)); (ii) the Office of the United States Trustee for the Middle District of Florida, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801 (Attn: Wanda Murray (Wanda.Murray@usdoj.gov) and Scott E. Bomkamp (Scott.E.Bomkamp@usdoj.gov)); (iii) counsel to the DIP lender for the Debtor, PMA Lender, LLC, Trenam, Kemper, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., 101 East Kennedy Blvd., Suite 2700, Tampa, Florida 33602 (Attn: Lara Roeske Fernandez (lfrenandez@trenam.com) and Rhys P. Leonard (rleonard@trenam.com)); and counsel to any statutory committee appointed in this Chapter 11 Case, if applicable (collectively, the "Reviewing Parties"), an OCP Declaration substantially in the form attached as Exhibit B to this Order, on or before the later of (x) fourteen (14) days after entry of an order granting the Motion or (y) fourteen (14) days after an Ordinary Course Professional's commencement of post-petition services to the Debtor. [3]

b. Such OCP Declaration shall set forth the following information: (i) a description of the effort(s) that were taken to search for connections with parties in interest and the result of such search; (ii) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (iii) the rate(s) proposed to be charged for the services; (iv) whether the Ordinary Course Professional, in the ordinary course of business, maintains time records in tenth-of-an-hour increments and, if it does not, the time increments the Ordinary Course Professional does maintain in the ordinary course of business; and (v) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began post-petition.

c. The Reviewing Parties will have fourteen (14) days from the date of the filing and service of an OCP Declaration to object to the retention of an Ordinary Course Professional. Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional and the Reviewing Parties. If no timely objection to the retention of the Ordinary Course Professional is filed and served, or if all objections are withdrawn, the Debtor will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court. If an objection is filed and

---

[3] In the event a committee is appointed in this Chapter 11 Case, counsel for such committee shall constitute a Reviewing Party for all purposes hereunder from and after the date of their engagement by the committee.

cannot be resolved and/or withdrawn within 20 days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtor. If, after a hearing, the retention of an Ordinary Course Professional is denied, such professional may still apply to this Court for compensation for all work performed on behalf of the Debtor from the Petition Date through the date of an order denying such retention.

d.  The Debtor is authorized, without formal applications being filed with this Court, to compensate and reimburse the Ordinary Course Professionals for one-hundred (100%) percent of their post-petition fees and expenses incurred upon the submission to the Debtor of an invoice setting forth, in reasonable detail, the nature of the services rendered and the disbursements actually incurred by the particular Ordinary Course Professional, without prejudice to the rights of the Debtor and its estate to dispute any such invoice; provided, however, that subject to further order of the Court, the Debtor shall not pay any individual Ordinary Course Professional listed as a tier 1 professional on Exhibit A in excess of $50,000.00 per month (the "Tier 1 Cap") or pay any individual Ordinary Course Professional listed as a tier 2 professional on Exhibit A in excess of $450,000.00 per month (the "Tier 2 Cap" and together with the Tier One Cap, the "OCP Caps"), on average, over the prior rolling three-month period, for post-petition compensation and reimbursement of post-petition expenses; provided further, however, that the Debtor's rights to seek to increase the OCP Caps are reserved.

e.  In the event that either (i) an Ordinary Course Professional exceeds the applicable Tier 1 Cap or Tier 2 Cap, or (ii) to the extent that an Ordinary Course Professional performed a Professional Function, such Ordinary Course Professional shall be required to file with the Court a fee application for its fees and expenses for the month or months the applicable Tier 1 Cap or Tier 2 Cap was exceeded in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court; provided, however, that, if an Ordinary Course Professional does not in the ordinary course of business maintain time records in tenth of an hour increments—and indicates that to be the case in its OCP Declaration—then the requirements of Local Rule 2016-1(c)(2)(A)(iv) shall be waived to permit said Ordinary Course Professional to submit time records in the time increments such professional maintains in the ordinary course of business along with (i) a description of the services rendered and (ii) the professionals rendering such services on behalf of the Debtor. To the extent that an Ordinary Course Professional spends more than half its time performing Professional Functions in any thirty (30) calendar day period, the Ordinary Course Professional shall no longer be qualified as an Ordinary Course Professional and shall, instead, be required to file an application for retention.

f.   Within thirty (30) calendar days after the end of, and with respect to, each full three month period after the Petition Date (including any initial partial month in the first period), the Debtor shall file with the Court and serve on the Reviewing Parties a statement that includes the following information with respect to each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter.

5.     The Debtor may file Supplemental OCP Schedules as necessary, and any Ordinary Course Professional included on a Supplemental OCP Schedule shall be employed and paid in accordance with the Procedures.

6.     The Debtor, or the subject Ordinary Course Professional, shall separately file an application to employ, pursuant to sections 327, 328, and/or 363 of the Bankruptcy Code, any Ordinary Course Professional that spends more than half its time performing Professional Functions in any thirty (30) calendar day period.

7.     Nothing in this Order shall preclude the Debtor from seeking to increase the amount of the OCP Cap, subject to the rights of parties in interest to object to such proposed increase.

8.     The proposed form of the OCP Declaration, a copy of which is attached hereto as Exhibit B, is approved.

9.     Except as otherwise provided in this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10.    This Order shall not apply to any professional retained by the Debtor pursuant to a separate application to and order of this Court.

11.    The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

12.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13.     Under the circumstances of this Chapter 11 Case, notice of the Motion and hearing

are adequate under Bankruptcy Rule 6004(a).

14.     This Court shall retain jurisdiction to hear and determine all matters related to the

interpretation or implementation of this Order.

###

Attorney Elizabeth A. Green, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.

**Exhibit A**

**Ordinary Course Professionals**

| Professional Name | Address | Description | Tier |
|---|---|---|---|
| Johnson Pope Bokor Ruppel & Burns, LLP | 400 North Ashley Drive Suite 3100 Tampa, Florida 33602 | Legal Services – Healthcare, Privacy, and Corporate | Tier 1 |
| Ford Harrison LLP | 100 Rialto Place Suite 610 Melbourne, Florida 32901 | Legal Services – Labor & Employment | Tier 1 |
| Norwood Staffing Solutions, LLC | 4604 Stearns Lane Sunset Valley, Texas 78735 | Medical Record Audit Services | Tier 1 |
| Crowe LLP | 225 West Wacker Drive Suite 2600 Chicago, Illinois 60606 | Business Valuation Services | Tier 1 |
| Guidehouse Inc. | 1676 International Drive McLean, Virginia 22102 | Corporate Compliance Services | Tier 2 |

# Exhibit B

## OCP Declaration

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:25-bk-04156-LVV |
| **THE VILLAGES HEALTH SYSTEM, LLC,**[1] | **Chapter 11** |
| **Debtor.** | |

## DECLARATION OF DISINTERESTEDNESS OF [COMPANY] IN SUPPORT OF ORDINARY COURSE RETENTION

I, _____, declare under penalty of perjury:

1.      I am a **[position]** of **[company]** and am located at **[address]**. I am authorized to make this Declaration on behalf of **[company]**.

2.      The Villages Health System, LLC, as debtor and debtor in possession (the "Debtor"), has requested that **[company]** provide **[specific description]** services to the Debtor, and **[company]** has consented to provide such services.

3.      **[Company's]** standard hourly rates for the primary professionals who will be performing services for the Debtor range from $[_____] per hour, and these professionals will, consistent with the ordinary course of **[company's]** business, account for their time in tenths of an hour increments.[2]

4.      **[Include this paragraph if the company is providing services pursuant to a flat fee arrangement.** Company has agreed to provide the services described above to the Debtor in

---

[1]    The address of the Debtor is 600 Sunbelt Road, The Villages, Florida 32159. The last four digits of the Debtor's federal tax identification number is 6436.

[2]    **[Company's]** hourly billing rates are subject to periodic adjustment, and **[company]** will provide the Debtor with notice of a rate increase ten (10) business days prior to such rate increase going into effect.

exchange for payment of a flat fee in the amount of $[_____] and requests that the Court waive the requirements of Local Rule 2016-1(c).]

5.      **[Company]** may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to this chapter 11 case ("Chapter 11 Case"), for persons that are parties in interest in this Chapter 11 Case. **[Company]** does not perform services for any such person in connection with this Chapter 11 Case, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtor or its estate with respect to the matter on which **[Company]** is proposed to be employed.

6.      As part of its customary practice, **[company]** is retained in cases, proceedings and transactions involving many different parties, some of whom may be represented or be employed by the Debtor, claimants and parties in interest in this Chapter 11 Case.

7.      Neither I, nor any principal, partner, director, officer, associate, or employee, of, or professional employed by, **[company]** has agreed to share or will share any portion of the compensation to be received by the Debtor with any other person other than the principal, partners, directors, officers and employees of **[company]**.

8.      Neither I, nor any principal, partner, director, officer of, or professional employed by, **[company]**, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate with respect to the matters upon which **[company]** is to be employed.

9.      The Debtor owes **[company]** $[_____] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, §§ 101-1532.

10.     I understand that the amount owed by the Debtor to **[company]** for prepetition services will be treated as a general unsecured claim, and as such, **[company]** may file a proof of claim.

2

11.     I further understand that this Declaration will not suffice as **[company's]** proof of claim.

12.     As of July 3, 2025, the date on which the Debtor commenced this Chapter 11 Case, **[company]** was not party to an agreement for indemnification with the Debtor.

13.     **[Company]** is conducting further inquiries regarding its retention by any known creditors of the Debtor, and upon conclusion of that inquiry, or at any time during the period of its employment, if **[company]** should discover any facts bearing on the matters described herein, **[company]** will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August ___ , 2025          _____
                                                      **[Declarant]**

3