UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

The Villages Health System, LLC                    Case No.:   6:25-bk-04156-LVV
                                                   Chapter 11
        Debtor.
_____/

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO
PROPOSED SALE ORDER AND RESERVATION OF RIGHTS**

Guy A. Van Baalen, Acting United States Trustee for Region 21 ("United States Trustee"), files this limited objection to the *Debtor's Motion for Entry of Orders (A) Approving Sale of Substantially all of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B) Approving Bidding Procedures for Sale of Substantially all of the Debtor's Assets, (C) Approving Stalking Horse Bid Protections, (D) Scheduling Auction and for Hearing to Approve the Sale of Debtor's Assets, (E) Approving Form and Manner of Notice of Sale, Auction and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* ("Sales Motion"; Doc. No. 14) and the *Notice of Filing Proposed Order (A) Approving Sale of Substantially all of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* ("Proposed Sales Order"; Doc. No. 203). In support of this limited objection, the United States Trustee states as follows.

**SUMMARY OF ARGUMENT**

The United States Trustee objects to the scope of the releases in the Proposed Sales Order filed by The Villages Health System, LLC ("Debtor"). The value of property sold under 11 U.S.C.

§ 363(f) is maximized by providing reassurance to buyers that the assets will not be saddled with significant liabilities. However, the waivers in the Debtor's Sales Motion and in the Proposed Sales Order actually *diminish* estate value by releasing an overly broad list of parties in a manner that would frustrate the operation of the anticipated post-confirmation trust. The relevant provisions should be eliminated or more narrowly tailored.

Additionally, certain provisions of the Proposed Sales Order could be interpreted as an impermissible third party release in favor of the buyer, even as to criminal liability. It should be clarified that no such release is intended. The exculpation provision in the Sales Order is also inappropriate, overbroad and fails to include customary exceptions. Finally, the United States Trustee reserves the right to raise additional objections as the Sales Order is being actively negotiated.

## **PROCEDURAL BACKGROUND**

1. The Debtor initiated this case by filing a voluntary Chapter 11 petition on July 3, 2025. (Doc. No. 1).

2. Also on July 3, 2025, the Debtor filed the Declaration of Neil Luria in Support of Chapter 11 Petition and First Day Motions ("Luria Declaration"; Doc. No. 3). As set forth in the Luria Declaration, the Debtor overbilled government health programs to the order of $350 million. (Doc. No. 3 at 10-12). The Debtor filed bankruptcy to sell substantially all its assets free and clear of this liability. (*Id.*). Consistent with the disclosures in the Luria Declaration, parties in interest have conceptualized this bankruptcy case as occurring in two phases. In the first phase, the Debtor would sell its assets. In the second phase, the Debtor would confirm a plan that established a post-confirmation trust to pursue any avoidable transfers, particularly pertaining to government overpayments.

3. The Debtor also filed the Sales Motion on July 3, 2025.

4. On July 28, 2025, the Court entered an *Order (A) Approving Bidding Procedures for Sale of Substantially all of the Debtor's Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve the Sale of the Debtor's Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (E) Approving Assumption and Assignment Procedures, (F) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (G) Granting Related Relief* ("Procedures Order"; Doc. No. 110).

5. The Procedures Order set the deadline to object to the proposed sale by September 5, 2025, at 4:00 p.m. (Doc. 110, at 7). The Procedures Order also set the final sales hearing for September 9, 2025, at 1:00 p.m. (Id.).

6. On September 2, 2025, the Debtor filed the Proposed Sales Order.

## OBJECTIONS

**A. The Debtor's Waiver of Its Causes of Action is Inappropriately Broad**

7. Section 363(f) of the Bankruptcy Code provides that a bankruptcy trustee, under certain circumstances, "may sell property . . . free and clear of any interest in such property of an entity other than the estate." "[T]he purpose behind the 'free-and-clear' language is to maximize the value of the asset, and thus enhance the payout made to creditors. Without the 'free-and-clear' language, prospective buyers would be unwilling to pay a fair price for the property subject to sale; instead, the price would have to be discounted, perhaps quite substantially, to account for the liabilities that the buyer would face simply as a result of acquiring the asset." *In re WBQ P'ship*, 189 B.R. 97, 108 (Bankr. E.D. Va. 1995). In other words, the purpose of § 363(f) is to maximize value for creditors.

8. The Proposed Sales Order contains overly broad waivers of the Debtor's causes of action that would undermine the value maximizing purpose of § 363(f). Through the Proposed Sales Order, the Debtor waives all of its claims against potentially innumerable parties including "Buyer, its affiliates or any of its or their respective former, current or future directors, officers, employees, general or limited partners, managers, members, direct or indirect equity holders, controlling persons, affiliates, attorneys, assignees, agents, advisors, or representatives, or representatives or affiliates of any of the foregoing, or any former, current or future estates, heirs, executors, administrators, trustees, successors or assigns of any of the foregoing. . . ." (Doc. No. 203 at ¶ 31).

9. As an example of how this broad and ambiguous language could undermine creditor recoveries, consider a hypothetical in which the anticipated post-confirmation trust identifies an insider of the Debtor as a potential litigation target due to receipt of money connected to government overpayments. But suppose that this insider previously owned a single share in one of the buyer's publicly-traded affiliates. As a former equity-holder, it appears that the insider would have a defense against the claims of the trust, at least absent a showing of actual fraud. Surely, such a result is illogical and beyond the scope of the Debtor's business judgment.

10. Ultimately, the releases of the Debtor's claims should be significantly narrowed or removed from the Proposed Sales Order because they are overly broad and undermine creditor recoveries contrary to the value-maximizing purpose of § 363(f) and the purposes of the anticipated post-confirmation trust.

**B. The Proposed Sales Order Should Clarify that No Third Party Release is Intended**

11. The Proposed Sales Order contains several provisions that offer broad releases to the buyer. For example, paragraph 14 states "As of the Closing, all persons and entities holding Claims or Encumbrances and their respective successors and assigns, are hereby forever barred, estopped, and

permanently enjoined from asserting, prosecuting, or otherwise pursuing such Claims, including, for the avoidance of doubt, any Healthcare Program Claims, or Encumbrances of any kind and nature against the Buyer, the Purchased Assets, or any other assets or properties of the Buyer . . . ." (Doc. 203 at 27, ¶ 14). The term "Healthcare Program Claims" is broadly defined at paragraph Q to include any action or consequence of government overpayments, including criminal liability. (Id. at 12-14, ¶ Q).

12. It is possible, under the facts of this case, that a buyer could assert that this (and similar) language) constitutes a third party release. The bidders at the auction for the Debtor's assets may be health care insurance companies who assisted in processing the claims that resulted in overpayments by the government, resulting in a separate liability from the insurance company to the government. If such a company bought the Debtor's assets, it might assert that this (and similar) language constitutes a release of its separate and independent liability to the government. Such a release would be "third party" because both the company and the government are non-debtors.

13. Third party releases are not available under 11 U.S.C. § 105(a) following the Supreme Court's decision in *Purdue Pharma*. *Purdue Pharma* specifically rejects § 105(a) as a freestanding basis for nonconsensual non-debtor injunctions, ruling that § 105(a) "serves only to 'carry out' authorities elsewhere conferred" in other provisions of the Bankruptcy Code, and that there is no Code section that authorizes nonconsensual releases or injunctions. *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 216 n.2 (2024). *But see In re Commercial Express, Inc.*, 670 B.R. 573, 581 (Bankr. M.D. Fla. 2025).

14. Even if the Court believes that § 105(a) and § 363(f) could authorize third party releases under some circumstances, such extraordinary relief would not be warranted here. Third party releases must be conspicuously displayed and noticed and not constructed from ambiguous cross references. *See In re Commercial Express, Inc.*, 670 B.R. at 578 (emphasizing the importance

of appropriate notice). Further, it would be inappropriate for the Court to purport to grant any release of criminal liability, given the scope of the Court's civil bankruptcy jurisdiction

15. For these reasons, the Proposed Sales Order should be clarified to the effect that none of its provisions constitute a third party release.

### C. The Court Should Not Approve the Exculpation Provision

16. The Proposed Sales Order contains provisions that would be considered exculpation clauses if they were included in a plan of reorganization. For example, paragraph 30 states that "Neither the Buyer nor any of its affiliates, successors, and assigns, nor any of their professionals, shall have, or incur any liability to, or be subject to any action by, the Debtor or any of its predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the Stalking Horse APA and the entry into and consummation of the transactions thereunder." (Doc. 203 at 32, ¶ 30).

17. These should be removed. Exculpation provisions, to the extent allowable, belong in disclosure statements and plans of reorganization that have been appropriately noticed and solicited, not in a sale order. In the alternative, this provision should be narrowed to remove broadly defined parties ("affiliates, successors and assigns") and include the customary exclusions for "fraud, gross negligence, and willful misconduct." *In re Stein Mart, Inc.*, 629 B.R. 516, 527 (Bankr. M.D. Fla. 2021) (collecting cases settling forth these customary exceptions).

## RESERVATION OF RIGHTS

The Proposed Sales Order was filed with little notice. The United States Trustee reserves its right to object to the terms of the Sales Motion and Proposed Sales Order and the right to raise additional objections as appropriate while the Proposed Sales Order is actively negotiated.

WHEREFORE, the Court should deny the Sales Motion or enter the Proposed Sales Order with modifications consistent with this objection.

DATED: September 5, 2025.        Respectfully submitted,

Guy A. Van Baalen,
Acting United States Trustee, Region 21

  /s/  Wanda D. Murray
Wanda D. Murray, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 0566381
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6070
wanda.murray@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2025 I caused a true and correct copy of the foregoing United States Trustee's Objection to be furnished by CM/ECF on all parties appearing electronically in the matter, and by United States Mail to the Local Rule 1007-2 Parties in Interest List appearing on the attached matrix and the following:

The Villages Health System, LLC
7580 Middleton Drive
Middleton, FL 34762

  /s/   Wanda D. Murray
Wanda D. Murray, Trial Attorney