**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

THE VILLAGES HEALTH SYSTEM, LLC,                Case No. 6:25-bk-04156
                                                                            Chapter 11
    Debtor.

_____/

**THE UNITED STATES' LIMITED**
**OBJECTION TO PROPOSED SALE ORDER**

The United States respectfully objects[1] to Debtor the Villages Health System,

LLC's ("Debtor") *Amended Motion for Entry of Orders (A) Approving Sale of Substantially*

*all of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (B)*

*Approving Bidding Procedures for Sale of Substantially all of the Debtor's Assets, (C)*

*Approving Stalking Horse Bid Protections, (D) Scheduling Auction and for Hearing to*

*Approve the Sale of Debtor's Assets, (E) Approving Form and Manner of Notice of Sale,*

*Auction and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G)*

*Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and*

*(H) Granting Related Relief* (Doc. 29) ("Motion").[2]  Although the United States does

not oppose a sale of the Purchased Assets, the United States objects to certain

language in the Proposed Sale Order that (1) may impermissibly enjoin the United

---

[1] The United States is in active discussions with the counsel for the Debtor to resolve the issues raised in this objection.

[2] Unless otherwise indicated, all capitalized terms bear the meaning ascribed to them in the Motion, and Proposed Sale Order.  Docs. 29 and 203.

States from pursuing administrative, civil, and criminal actions against a Buyer for its

own misconduct or obligations it independently has related to Healthcare Program

Claims and (2) potentially provides releases of estate claims and causes of actions

against insiders of the Debtor.

## BACKGROUND

1.      On July 3, 2025, the Debtor filed a voluntary petition under Chapter 11

of the Bankruptcy Code.  Doc. 1.

2.      In the *Declaration of Neil Luria in Support of Chapter 11 Petition and First

Day Motion*, the Debtor disclosed that it initiated a voluntary self-disclosure to the

Office of Inspector General for the Department of Health & Human Services ("HHS-

OIG") related to "coding issues" that resulted in potential overpayments "at or

above $350 million."  Doc. 110 at ¶ 3.

3.      On July 29, 2025, the Debtor filed the Motion seeking entry of an Order

authorizing it to sell substantially all its assets under 11 U.S.C. § 363(f).  Doc. 29.

4.      On September 2, 2025, the Debtor filed a *Notice of Filing Proposed Order*

*(A) Approving Sale of Substantially All of the Debtor's Assets Free and Clear of all Liens,*

*Claims, Encumbrances, and Interests, (B) Authorizing Assumption and Assignment of*

*Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Doc. 203)

("Proposed Sale Order").

5.      The deadline to object to the sale is 4:00 pm ET on September 5, 2025.

Doc. 7 at ¶ 3.  The United States has timely filed this Objection.  The Court will

conduct the Sale Order Hearing on September 9, at 1:00 pm ET.  *Id.*

## DISCUSSION

The Court should not enter the Proposed Sale Order because it (1) may impermissibly enjoin the United States from pursuing administrative, civil, and criminal actions against a Buyer for its own misconduct or obligations it independently has related to Healthcare Program Claims and (2) potentially provides releases of estate claims and causes of actions against insiders of the Debtor.

**I.      The Proposed Sale Order may improperly enjoin the United States from pursuing a Buyer for its own liability.**

Although the United States does not contest that the Debtor may sell the Purchased Assets free and clear of any interests under § 363(f) of the Bankruptcy Code, the Proposed Sale Order would improperly provide the Buyer with far greater protections. Paragraph Q of the Proposed Sale Order states that the Buyer would not have entered into the Stalking Horse APA or consummated the sale transaction of the Purchased Assets absent the sale being free and clear of various claims, liens and interests. Doc. 203 at 9-11, ¶ Q. In particular, the Proposed Sale Order provides the following expansive the definition for Healthcare Program Claims:

> (iii) any losses, obligations, liabilities, settlement payments, damages, awards, judgments, reimbursements, fines, penalties, assessments and interest arising out of, resulting from, or in connection with
>> (1) the self-disclosure to the U.S. Department of Health and Human Services ("HHS") Office of Inspector General ("OIG") and U.S. Department of Justice ("DOJ") made on December 27, 2024,
>> (2) the Debtor's billing, coding and clinical documentation practices, or
>> (3) any related action, charge, order, audit, investigation, formal inquiry, complaint, suit, litigation, arbitration, qui tam action, written notice of violation or noncompliance, or other Claim or

3

proceeding, whether administrative, civil, criminal or otherwise; (iv) any losses, obligations, liabilities, settlement payments, damages, awards, judgments, reimbursements, refunds, fines, penalties, assessments and interest, whether now existing or hereafter arising, imposed by, or owed to, the DOJ, OIG or any other Governmental Authority, any Medicare Advantage plan, any federal healthcare program, or any other health plan, third-party payor, patient or person (such liabilities described in clauses (iii) and (iv), the "Healthcare Program Claims");

*Id.* at 10, ¶ Q.  In Paragraph 14, the Proposed Sale Order would enjoin the following actions:

As of the Closing, all persons and entities holding Claims or Encumbrances and their respective successors and assigns, are hereby forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Claims, including, for the avoidance of doubt, any Healthcare Program Claims, or Encumbrances of any kind and nature against the Buyer, the Purchased Assets, or any other assets or properties of the Buyer, or commencing or continuing any action that does not comply or is inconsistent with this Sale Order. . . .

*Id.* at 24, ¶ 13.

As drafted, the Proposed Sale Order would provide the Buyer with an injunction that would prevent the United States from pursuing any Healthcare Program Claims "of any kind and nature against the Buyer."  Presumably, the Debtor and Buyer intend only to prevent the Buyer from acquiring any the Debtor's liability by merely acquiring the Purchased Assets.  However, the Proposed Sale Order could be read more expansively to also enjoin the United States from pursuing Healthcare Program Claims unrelated to the Purchased Assets.  Moreover, the Proposed Sale Order would also enjoin the United States from pursuing the Buyer for any liability it may have related to the Purchased Assets that arises from its own actions or inactions.

These concerns are magnified because the ultimate Buyer of the Purchased Assets remains unknown as the Sale Auction will occur on September 7, 2025. It is likely that the eventual Buyer has extensive experience in the healthcare industry and transacts business with the United States through one or more federal healthcare programs. To the extent the Proposed Sale Order purports to provide such relief to the Buyer, such relief is an impermissible third-party release barred by the Supreme Court's decision in *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204 (2024).

Finally, to the extent the Proposed Sale Order purports to transfer the Purchased Assets free and clear of any potential criminal liability, the Debtor cites no authority in the Motion suggesting the Court could do so under section 363(f) of the Bankruptcy Code. Any bankruptcy court order purporting to bind the United States must comply with applicable nonbankruptcy law. 11 U.S.C. § 106(d). Nothing in the Bankruptcy Code purports to or could enjoin the United States from pursuing criminal liability against culpable individuals or entities. *See, e.g.*, 11 U.S.C. §§ 362(b)(1) (permitting the commencement or continuation of criminal actions or proceedings against a debtor), (b)(4) (permitting governmental units to commence or continue actions to enforce their police and regulatory powers).

The United States proposes the following language to clarify the extent of the Proposed Sale Order's injunction:

1) Notwithstanding any other provision, the Sale Order does not enjoin any person, entity, or governmental unit, including the United States and its agencies, from asserting, prosecuting, or pursuing any action, whether administrative, civil, or criminal, including but not limited to Healthcare Program Claims, against the Buyer that arises from (1)

conduct unrelated to its acquisition of the Purchased Assets under § 363(f) of the Bankruptcy Code or (2) any obligation the Buyer may have related to the Purchased Assets independent of its acquisition of the Purhcased Assets from the Debtor. Debtor under § 363(f) of the Bankruptcy Code; and

2) Nothing in this Sale Order should be interpreted to imply or otherwise mean that any Medicare Advantage Organization ("MAO") or its related entities may avoid deleting or correcting erroneous diagnosis codes from CMS data systems that the MAO received from the Debtor.  Nor should this Sale Order be construed to provide any sort of waiver, release, or discharge, of any claims of any nature the United States may have against a MAO or its related entities arising from their own obligations to correct erroneous or false submissions to any federal healthcare program or in any way limits the MAO's or related entities' obligation to investigate the validity of diagnoses in any audit universe created by TVH.

The addition of this language to a Sale Order will not diminish the Buyer acquiring the Purchased Assets free and clear as contemplated by § 363(f) of the Bankruptcy Code.  Instead, this clarifying language will ensure that the Buyer does not obtain relief not contemplated by § 363(f) of the Bankruptcy Code.

To be clear, the United States requests the addition of this language out of an abundance of caution.  By filing this Objection, the United States is not asserting that the Buyer has any liability to the United States.

**II.    The Proposed Sale Orders may release estate claims and causes of action against insiders of the Debtor.**

The Proposed Sale Order provides that the Debtor and its affiliates will release an unknown and unspecified number of individuals who have been connected with the Buyer at some point.  Specifically, paragraph 31 of the Proposed Sale Order provides:

Effective as of the Closing, the Debtor, for itself and each of its controlled affiliates and any former, current or future estates, heirs, executors, administrators, trustees, successors and assigns of any of the foregoing (each, a "Company Releasor"), irrevocably, knowingly and voluntarily releases, discharges and forever waives and relinquishes all claims, demands, obligations, liabilities, defenses, affirmative defenses, setoffs, counterclaims, actions and causes of action of whatever kind or nature, whether known or unknown, which any Company Releasor has, may have, or might have or may assert now or in the future, against Buyer, its affiliates or any of its or their respective former, current or future directors, officers, employees, general or limited partners, managers, members, direct or indirect equityholders, controlling persons, affiliates, attorneys, assignees, agents, advisors, or representatives, or representatives or affiliates of any of the foregoing, or any former, current or future estates, heirs, executors, administrators, trustees, successors or assigns of any of the foregoing (each, a "Company Releasee") arising out of, based upon or resulting from any contract, transaction, event, circumstance, action, failure to act or occurrence of any sort or type, whether known or unknown, and which occurred, existed or was taken or permitted at or before the Closing to the extent relating to the Debtor's business or the Purchased Assets; *provided*, that nothing contained in this paragraph shall release, waive, discharge, relinquish or otherwise affect the rights or obligations of any person under the Stalking Horse APA, any other transaction document or any other agreement delivered or required to be delivered pursuant to the Stalking Horse APA or any claims of fraud. The Debtor shall, and shall cause its controlled affiliates to, refrain from, directly or indirectly, asserting any claim or demand, or commencing, instituting or causing to be commenced any legal proceeding of any kind against a Company Releasee based upon any matter released pursuant to this paragraph.

Doc. 203 at 29-30, ¶ 31. Based on the information that the Debtor has provided, it is impossible for the Court and parties in interest to determine whether any insider of the Debtor is a "former, current or future directors, officers, employees, general or limited partners, managers, members, direct or indirect equityholders, controlling persons, affiliates, attorneys, assignees, agents, advisors, or representatives, or representatives or affiliates of any of the foregoing". This is particularly true because

the identity of the successful Buyer is unknown as the Sale Auction has not yet occurred.[3] Nonetheless, the Debtor would provide a release of "all claims" and "causes of action of whatever kind or nature" to an unknown and unspecified number of individuals.

On August 18, 2025, the Debtor disclosed that between 2022 and 2024 that approximately $216.2 million was paid to related entities for rent, paydown of a line of credit with its majority shareholder, and tax-related distributions to the Debtor's owners. Doc. 160 at 3-4, ¶ 11(a)-(c). At this juncture, it would be improper for the Debtor to potentially provide releases to insiders without consideration or explanation as to the liability being released.

The United States proposes the following language to clarify that insiders of the Debtor are not receiving a release in the Proposed Sale Order:

> Notwithstanding any other provision, the Sale Order does not waive, release, or discharge any estate claims and causes of action of any nature against the Debtor's current or former officers, directors, owners, affiliates, and related persons.

This language will protect the estate and its creditors by allowing time for the Debtor, a liquidating trustee, or other bankruptcy trustee to evaluate whether any such claims exist. The Court has approved similar language in the interim DIP

---

[3] While the Debtor asks the Court in the Proposed Sale Order to determine that "[n]either the Buyer nor any of its affiliates, officer, directors, managers, shareholders, members or any of their respective successors or assigns is an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code. No common identity of directors, managers, controlling shareholders, or members exists between the Debtor and the Buyer", no such determination is made about individuals that formerly were or in the future may be connected to the Buyer. Doc. 203 at 8, ¶ N. Additionally, the categories of individuals who would receive a release under Paragraph 31 of the Proposed Sale is far more extensive than the categories of individuals identified in Paragraph N.

Financing Orders.  Doc. 178 at 3, ¶ 4(d).

## <u>RESERVATION OF RIGHTS</u>

The United States reserves its rights to lodge additional objections as parties

continue to negotiate the terms of any Sale Order.

## <u>CONCLUSION</u>

Based on the foregoing, the United States requests that the Court deny the

Motion unless the modifications proposed in this Objection are incorporated into a

final Sale Order.

Dated: September 5, 2025                    Respectfully submitted,

                                            GREGORY W. KEHOE
                                            UNITED STATES ATTORNEY


                                            */s/Christopher J. Emden*
                                            CHRISTOPHER J. EMDEN
                                            Assistant United States Attorney
                                            USA No. 158
                                            400 N. Tampa Street, Suite 3200
                                            Tampa, FL 33602
                                            Tel: (813) 274-6000
                                            Fax: (813) 274-6198
                                            E-mail:Christopher.Emden@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 5, 2025, I electronically filed the

foregoing with the Court using the Court's CM/ECF filing system, which will send

an electronic notice of filing to the following:

>Elizabeth A. Green
>egreen@bakerlaw.com
>Andrew V. Layden
>alayden@bakerlaw.com
>Attorneys for Debtor
>
>Wanda D. Murray
>wanda.murray@usdoj.gov
>Trial Attorney, Office of the United States Trustee
>
>United States Trustee - ORL
>USTP.Region21.OR.ECF@usdoj.gov

>*/s/ Christopher J. Emden*
>CHRISTOPHER J. EMDEN
>Assistant United States Attorney