## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:25-bk-04156-LVV |
| **THE VILLAGES HEALTH SYSTEM, LLC,**[1] | Chapter 11 |
| Debtor. | |

**NOTICE OF FILING PROPOSED FINAL ORDER (I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN ITS CASH MANAGEMENT SYSTEM AND PAY BANK FEES, (B) WAIVE CERTAIN BANKRUPTCY CODE AND CERTAIN U.S. TRUSTEE REQUIREMENTS, AND (C) CONTINUE USING EXISTING CHECKS AND BUSINESS FORMS, AND (II) AUTHORIZING AND DIRECTING THE DEBTOR'S BANKS TO HONOR ALL EMPLOYEE RELATED PAYMENT REQUESTS**

**The Villages Health System, LLC** (the "Debtor"), by and through its undersigned counsel hereby files the attached proposed *Final Order (I) Authorizing the Debtor to (A) Maintain its Cash Management System and Pay Bank Fees, (B) Waive Certain Bankruptcy Code and Certain U.S. Trustee Requirements, and (C) Continue Using Existing Checks and Business Forms, and (II) Authorizing and Directing the Debtor's Banks to Honor All Employee Related Payment Requests* (Doc. No. 6) as **Exhibit A**.

Dated: September 8, 2025

**BAKER & HOSTETLER LLP**

*/s/ Elizabeth A. Green*
**Elizabeth A. Green, Esq.**
FL Bar No.: 0600547
Email: egreen@bakerlaw.com
**Jimmy D. Parrish, Esq.**
FL Bar No.: 0526401
E-mail: jparrish@bakerlaw.com
**Andrew V. Layden, Esq.**
FL Bar No.: 86070
E-mail: alayden@bakerlaw.com
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

---

[1] The address of the Debtor is 600 Sunbelt Road, The Villages, Florida 32159. The last four digits of the Debtor's federal tax identification number is 6436.

134562.000004\4934-2404-8743.1

*Counsel for the Debtor and Debtor in Possession*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 8, 2025, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will provide a Notice of Electronic Filing and copy to all parties requesting such notice.

*/s/ Elizabeth A. Green*
Elizabeth A. Green

134562.000004\4934-2404-8743.1

## **EXHIBIT A**
**Proposed Order**

134562.000004\4934-2404-8743.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **In re:** | **Case No.: 6:25-bk-04156-LVV** |
| **THE VILLAGES HEALTH SYSTEM, LLC,**[1] | **Chapter 11** |
| **Debtor.** | |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN ITS CASH
MANAGEMENT SYSTEM AND PAY BANK FEES, (B) WAIVE CERTAIN
BANKRUPTCY CODE AND CERTAIN U.S. TRUSTEE REQUIREMENTS,
AND (C) CONTINUE USING EXISTING CHECKS AND BUSINESS FORMS,
AND (II) AUTHORIZING AND DIRECTING THE DEBTOR'S
BANKS TO HONOR ALL EMPLOYEE RELATED PAYMENT REQUESTS**

THIS CASE came before the Court on September 9, 2025 at 1:00 p.m. (EST) (the

"Hearing") upon the motion (the "Motion")[2] [Doc. No. 6] filed by The Villages Health System,

LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case,

for entry of a final order (the "Order"): (i) authorizing the Debtor to (a) maintain its existing bank

---

[1] The Debtor in this Chapter 11 Case is The Villages Health System, LLC and the last four digits of its federal tax identification number are 6436. The Debtor's address is 600 Sunbelt Road, The Villages, FL 32159.
[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

accounts and cash management system, including authorizing the Debtor to continue to pay in the ordinary course any undisputed prepetition bank fees and any post-petition bank fees in the ordinary course of business and consistent with past practices, (b) waive certain requirements of section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines, and (c) maintain existing business forms in the ordinary course of business; (ii) authorizing and directing the Banks to honor all Employee related payment requests; and (iii) granting related relief, all as more fully set forth in the Motion and in the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the First Day Declaration; and the Court having found that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its bankruptcy estate, as contemplated by Bankruptcy Rule 6003; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor and its estate, creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is **HEREBY ORDERED** that:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtor is authorized to: (a) continue to use, in the same name and with the same account numbers, the Bank Accounts in existence as of the Petition Date (the "Prepetition

Accounts"), identified on Exhibit C to the Motion, and to maintain its Cash Management System, substantially as described in the Motion and as identified on Exhibit D thereto, as necessary and in the ordinary course of business, (b) treat their Prepetition Accounts for all purposes as debtor-in-possession accounts; (c) to the extent of available funds, collect, concentrate, deposit funds in, and withdraw and disburse funds from the Prepetition Accounts in the ordinary course of Debtor's business in accordance with the Cash Management System by all usual means, including, but not limited to, checks, wire transfers, ACH transfers and debits, electronic funds transfers, and other debits; (d) use all pre-printed correspondence and Business Forms (including checks and letterhead) without reference to the Debtor's status as debtor in possession; and (e) pay Bank Fees as they arise in the ordinary course of business irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform its obligations under the documents governing the Prepetition Accounts.

3.      The Debtor is authorized to open and use new debtor-in-possession accounts at authorized depositories (collectively, the "DIP Accounts").[3] All cash receipts, capitation receipts, and other payments deposited into the Prepetition Accounts shall be manually transferred into the DIP Accounts as soon as practically possible, and all disbursements shall be made from the DIP Accounts (other than permitted exceptions). The Debtor is authorized to transfer balances from the Prepetition Accounts to the DIP Accounts and to close Prepetition Accounts when practicable.

4.      The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

---

[3] The DIP Accounts specifically include a Regions Bank account ending in 5621 (the "DIP Operating Account") and a Regions Bank account ending in 5648 (the "Utilities Account"). The term "Bank Accounts" shall include the DIP Accounts.

**Error! Unknown document property name.**

5.      The Banks[4] are authorized and directed to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, but solely to the extent those payments relate to employee obligations or patient refunds approved by separate order of the Court.

6.      Subject to applicable bankruptcy or other law, any existing deposit agreements between the Debtor and the Banks shall continue to govern the post-petition cash management relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

7.      The Debtor and the Banks may, without further order of the Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business pursuant to the terms of any existing deposit agreements, including, without limitation, the closing of Bank Accounts or the opening of new bank accounts, and enter into any ancillary agreement, including deposit account control agreements, associated with the foregoing; provided, that the Debtor shall give notice within fourteen (14) days to the U.S. Trustee and any statutory committee appointed in this Chapter 11 Case of the opening of any new bank account or closing of any Bank Account or entry into any ancillary agreement.

8.      The relief granted in this Order is extended to the DIP Accounts and any new bank account opened by the Debtor in the ordinary course of business after the date hereof, with each

---

[4] The term "Banks" shall include Regions Bank.

4

account deemed a Bank Account, and to the bank at which such account is opened, each bank shall be deemed a Bank. Any new bank accounts opened shall be at banks that have signed a Uniform Depository Agreement ("UDA") with the U.S. Trustee for Region 21 or at banks that are willing to immediately sign a UDA. The Debtor shall give the U.S. Trustee 14 days' notice of closing or opening a bank account. To the extent any new account is opened post-petition, Debtor shall cause the depository to designate the same as a debtor in possession account and shall provide the U.S. Trustee with notice of any post-petition account.

9.      The Banks are authorized to receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtor related to, the obligations that the Debtor is authorized to pay pursuant to this Order related to employee obligations approved by separate order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, provided that sufficient funds are available in the Debtor's accounts to cover the checks and fund transfers. The Banks and other financial institutions may rely on the representations of the Debtor with respect to whether any check, item or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such bank or financial institution shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

10.     The Debtor will instruct the Banks as to which checks, drafts, wire transfers (excluding any wire transfers that the Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored. Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, the Debtor shall not instruct nor request the Banks to pay or honor any check, draft, or other payment item issued

5

on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date.

11.     In the course of providing cash management services to the Debtor, the Banks are authorized, without further order of this Court, to deduct all applicable fees and expenses (including Bank Fees), whether arising prepetition or post-petition, from the appropriate Bank Accounts of the Debtor consistent with historical practice, and further, to charge back to the appropriate Bank Accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from wire transfers, ACH transactions, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

12.     The Banks are authorized to debit the appropriate Debtor's accounts in the ordinary course and without further order of this Court on account of obligations accruing after the Petition Date (a) all checks drawn on the Debtor's accounts that have been cashed at such Bank's counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date and all ACH transactions, wire and other transfers that may have been initiated but not cleared on or before the Petition Date; (b) all checks or other items deposited in one of the Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Bank as to service charges for the maintenance of the Cash Management System.

6

13.     Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to, on, or after the Petition Date should be honored pursuant to any order of this Court, to the extent of available funds, whether or not the Banks believe the payment is authorized by an order of this Court. No bank or Bank shall be liable to the Debtor or its estate for honoring or dishonoring a prepetition or post-petition check or other item drawn on any of the Bank Accounts as a result of this Order, at the direction of the Debtor.

14.     Any and all banks, including the Banks, are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtor's funds in accordance with the Debtor's instructions; *provided* that the Bank shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15.     Nothing contained in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor or any person or entity, that existed as of the Petition Date.

16.     The Debtor is authorized to issue post-petition checks, or to give effect to post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with any Bank Fees.

17.     A copy of this Order will be served on Debtor's Banks identified in Exhibit C of the Motion and Regions Bank.

7

18.     Regarding any UDA Banks that the Debtor uses, the Debtor must immediately (a) contact each UDA Bank, (b) provide the UDA Bank with the Debtor's employer identification number and (c) identify each of their Bank Accounts held at such UDA Bank as being held by a debtor in possession in a bankruptcy case and provide the case number.

19.     The Debtor is authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in the Motion or this Order shall be deemed: (a) an implication or admission as to the validity or priority of any claim against any of the Debtor, (b) an impairment or waiver of the Debtor's or any other party in interest's rights to contest or dispute any such claim or lien, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8

21.     The Debtor and its Banks are granted a waiver from the requirements of section 345(b) of the Bankruptcy Code.

22.     Nothing herein shall eliminate the Debtor's obligation to provide information and bank statements related to its Bank Accounts for its monthly operating reports.

23.     The requirements of Bankruptcy Rule 6004(a) are waived.

24.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

25.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

Error! Unknown document property name.