IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:25-bk-04156-LVV |
| **THE VILLAGES HEALTH SYSTEM, LLC,** | Chapter 11 |
| Debtor. | |

**SUPPLEMENTAL DECLARATION OF A.J. BERENS OF BEHALF OF EVERCORE GROUP, LLC IN SUPPORT OF DEBTOR'S MOTION FOR ENTRY OF ORDERS (A) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) APPROVING BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (C) APPROVING STALKING HORSE BID PROTECTIONS, (D) SCHEDULING AUCTION FOR AND HEARING TO APPROVE THE SALE OF THE DEBTOR'S ASSETS, (E) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE ORDER HEARING, (F) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (H) GRANTING RELATED RELIEF**

I, A.J. BERENS, declare that the following is true to the best of my knowledge, information, and belief:

1. I am over the age of 18 and competent to testify and make this supplemental declaration (this "Supplemental Declaration"). This Supplemental Declaration supplements my declaration filed in support of the Sale Motion (defined below).

2. I understand that on July 3, 2025 (the "Petition Date"), the Villages Health System, LLC (the "Debtor" or "TVH") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Chapter 11 Case") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Court").

3. I submit this Supplemental Declaration at the request of the Debtor in support of the *Motion for Entry of Orders (A) Approving Sale of Substantially All of the Debtor's Assets, Free*

*and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets (C) Approving Stalking Horse Bid Protections, (D) Scheduling Auction for and Hearing to Approve Sale of the Debtor's Assets, (E) Approving Form and Manner of Notice of Sale, Auction, and Sale Order Hearing, (F) Approving Assumption and Assignment Procedures, (G) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (H) Granting Related Relief* (the "Sale Motion").[1]

4.      Except as otherwise indicated, all statements in this Supplemental Declaration are based on: (a) my personal knowledge, views, and experiences; (b) my review of relevant documents and records; (c) information provided to me by employees and consultants working for Evercore Group, LLC ("Evercore") with personal knowledge of the veracity of such information; and/or (d) information provided to me by, or discussions with, employees, professionals, or other representatives of the Debtor, in each case, who possessed personal knowledge of the veracity of such information. If called upon to testify, I could and would testify competently to the facts set forth in this Supplemental Declaration.

5.      In anticipation of conducting an auction for the sale of substantially all of the Debtor's assets, Evercore conducted an extensive marketing process to identify potential purchasers of the Debtor's assets. Evercore focused on counterparties with a demonstrated track record of successfully operating and scaling Medicare Advantage businesses. Evercore's priority was to engage parties who not only had operational expertise, but also the financial capacity and what Evercore felt as the strategic intent to sustain and grow TVH over the long term. This included established strategic operators, financial sponsors with healthcare expertise, and organizations with complementary capabilities. Evercore also sought to ensure that prospective counterparties

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Sale Motion, Bid Procedures (defined below), or APA (defined below), as applicable.

had the ability to navigate a bankruptcy process efficiently and bring credibility and stability to the business post-transaction.

6. Ultimately, seventeen parties were contacted as part of this process through a combination of inbound interest and proactive outreach by Evercore. Of these, seven executed non-disclosure agreements and were granted access to the virtual data room in order to conduct additional diligence. Beyond the comprehensive materials made available in the data room, Evercore coordinated management meetings and advisor sessions to ensure that prospective buyers could develop a well-rounded understanding of the Debtor's business, operations, and prospects.

7. The diligence process was structured to enable counterparties to evaluate their interest in submitting a bid. As part of this effort, parties submitted bespoke requests for supplemental information, which Evercore fielded and addressed in close coordination with management. This included responding to written inquiries, arranging targeted meetings, and providing clarifying analyses designed to facilitate a thorough evaluation of the opportunity. Among the parties that engaged meaningfully in this process was Kinderhook Industries, LLC ("Kinderhook").

8. Kinderhook submitted a timely Bid. On September 5, 2025, the Debtor determined Kinderhook satisfied the Participation Requirements and deemed Kinderhook a Qualified Bidder and its bid the Baseline Bid for purposes of an auction.

9. On September 7, 2025, the Debtor and its professionals conducted an auction (the "Auction") for the sale of substantially all of the Debtor's assets consistent with the Court-approved bid procedures (the "Bid Procedures").

10. At the Auction, Kinderhook and CenterWell bid for the Debtor's assets. The Auction consisted of numerous rounds of bidding.

11. At the close of bidding, the Debtor in its reasonable business judgment, and after consulting with the Consultation Parties, determined that CenterWell's bid was the highest and best offer for the assets. CenterWell's bid was for $68 million plus the assumption of certain liabilities, including the Deferred Compensation Plans and the General Unsecured Trade claims. CenterWell also eliminated or revised several closing conditions which make the closing more certain. These include (a) removing any employee retention threshold, which was previously set at 85% of Debtor employees, (b) removing the contingency related to entering into agreements with United Healthcare, (c) shortening the outside closing date from January 9, 2026 to October 31, 2025, (d) increasing the deposit from 10% (or $6.8 million, per the final bid) to 30% (or $20.4 million), and (e) expanding the parent guarantee language in an amended asset purchase agreement memorializing the final CenterWell bid (the "APA").

12. Accordingly, the Debtor, in consultation with the Consultation Parties, declared CenterWell as the Successful Bidder. Under the terms of the Bid Procedures, Kinderhook is the Backup Bidder.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 9, 2025

*A.J. Berens*
Managing Director
Evercore Group, LLC