IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

THE VILLAGES HEALTH SYSTEM, LLC,

      Debtor.
_____/

Case No.: 6:25-bk-04156
Chapter 11

**OBJECTION OF BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. AND HEALTH OPTIONS, INC. TO (I) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF PACK LAW AS COUNSEL, EFFECTIVE AS OF SEPTEMBER 4, 2025, AND (II) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR APPROVAL OF EMPLOYMENT AND RETENTION OF GENESIS CREDIT PARTNERS LLC AS FINANCIAL ADVISOR, EFFECTIVE AS OF SEPTEMBER 5, 2025**

Blue Cross and Blue Shield of Florida, Inc. and Health Options, Inc. ("Florida Blue"), by undersigned counsel, hereby objects ("Objection") to (i) the *Official Committee of Unsecured Creditors' Application for Approval of Employment and Retention of Pack Law as Counsel Effective as of September 4, 2025* [Doc. 211] (the "Pack Retention Application"), and (ii) the *Official Committee of Unsecured Creditors' Application for Approval of Employment and Retention of Genesis Credit Partners LLC as Financial Advisor, Effective as of September 5, 2025* [Doc. 213] (the "GCP Retention Application"), and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1.     Florida Blue offers various health insurance plans for residents of The Villages, Florida, and it has a wide network of doctors and hospitals, as well as virtual care options.

2.     On September 11, 2025, Florida Blue filed its Proof of Claim [Claim No. 30] against The Villages Health System, LLC (the "Debtor"). Reference is made such Proof of Claim for facts related to Florida Blue's relationship with the Debtor.

## PROCEDURAL BACKGROUND

3. On July 3, 2025, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida (the "Court").

4. On July 28, 2025, the Court entered an order [Doc. No. 110] approving, among other things, bidding procedures for sale of substantially all of the Debtor's assets (the "Sale") and CenterWell Senior Primary Care (Vitality), Inc. ("CenterWell") as the stalking horse bidder. By the same order, the Court set a bid deadline for September 3, 2025, an auction on September 7, 2025, and a sale hearing on September 9, 2025.

5. On September 4, 2025, the U.S. Trustee for Region 21 (the "U.S. Trustee") appointed three members to comprise the Official Committee of Unsecured Creditors ("UCC"): (i) Alliant Dermatology, PA, (ii) Dr. Jennifer Peters, and (iii) Customize It Right LLC. [Doc. 206].

6. On September 8, 2025, the UCC filed (i) the Pack Retention Application, seeking to employ Pack Law as its counsel, and (ii) the GCP Retention Application, seeking to employ Genesis Credit Partners LLC ("GCP") as its financial advisor.

7. On September 9, 2025, the Court held a hearing and entered an order [Doc. 222] (the "Sale Order") approving, among other things, the Sale to CenterWell.

## OBJECTION

8. Section 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), provides that "with the court's approval," a committee of unsecured creditors may employ professionals. 11 U.S.C. § 1103(a). An application to employ professionals must include, among other things, specific facts showing the necessity for employment, the professional services to be rendered, any proposed arrangement for compensation, and the person's connections with any interested party. *See* Fed. R. Bankr. P. 2014(a). "[T]he test of 'necessity' is whether the

committee seeking appointment of counsel under § 1103(a) has demonstrated a distinct and potentially conflicting interest in the disposition of the assets of the estate that requires separate legal representation." *In re Standard Steel Sections, Inc.*, 200 B.R. 511, 513 (S.D.N.Y. 1996).

9. With respect to professional retentions, "[a] party's request for independent professional services should be denied if such services are clearly duplicative and wasteful." *In re Saxon Industries, Inc.*, 29 B.R. 320, 322 (Bankr. S.D.N.Y. 1983). In particular, with respect to the retention of a financial advisor, the burden to demonstrate the necessity of retention rests on the moving party. *In re Sunshine Precious Metals, Inc.*, 142 B.R. 918, 921 (Bankr. D. Idaho 1992) (denying a creditor committee's application to retain an accountant because the record failed to support the necessity of the work and expense).

10. The UCC has failed to demonstrate that the retention of Pack Law and GCP is necessary, or even beneficial, as required for the retention of any professional. Florida Blue believes that the UCC's applications to employ Pack Law and GCP fail to demonstrate that they are not duplicative and wasteful and that the services of those professionals are necessary.

## **RESERVATION OF RIGHTS**

11. BCBSFI reserves all rights to supplement this Objection, as well as to assert any other objection at the appropriate time in connection with retention applications of the UCC's professionals.

## CONCLUSION

WHEREFORE, for the reasons set forth above, BCBSFI respectfully requests that the Court deny approval of the Pack Retention Application and GCP Retention Application, or alternatively, limit the scope of Pack Law's and GCP's services to those related to the Debtor's sale process through closing and cap legal fees and expenses at a reasonable amount.

Dated: September 23, 2025                    Respectfully submitted,

**CROWELL & MORING LLP**

*/s/ Michael W. Lieberman*
Michael W. Lieberman
Florida Bar No. 1049421
MLieberman@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2776
*Counsel for Blue Cross Blue Shield of Florida Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2025, a true and correct copy of the foregoing *Objection* was filed electronically with the Court's CM/ECF Filing to all parties who have requested or consented to electronic service in this case.

*/s/ Michael W. Lieberman*
Michael W. Lieberman