ORDERED.

Dated:  November 19, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| In re: | Case No.: 6:25-bk-04156-LVV |
|---|---|
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | Chapter 11 |
| Debtor. | |

**FINAL ORDER GRANTING DEBTOR'S *EMERGENCY* MOTION FOR ENTRY OF ORDER (I) AUTHORIZING THE DEBTOR TO BORROW ADDITIONAL FUNDS UNDER THE EXISTING DIP FACILITY, WITH CERTAIN MODIFICATIONS, AND (II) GRANTING RELATED RELIEF**

THIS CASE came before the Court for a continued hearing on November 12, 2025, at 1:30 p.m. (EST) (the "Hearing") to consider the Debtor's *Emergency Motion for Entry of Order (I) Authorizing the Debtor to Borrow Additional Funds Under the Existing DIP Facility, with Certain Modifications, and (II) Granting Related Relief* [Doc. No. 159] ("Amended DIP Motion").[2] The Court has considered the Amended DIP Motion, original DIP loan motion (Doc. No. 4) and supporting declarations, all interim orders (Doc. Nos. 60, 178, 260, and 309) (the "First Interim

---

[1] The address of the Debtor is 600 Sunbelt Road, The Villages, Florida 32159. The last four digits of the Debtor's federal tax identification number is 6436.

[2] Unless otherwise defined herein, all terms defined in the Amended DIP Motion shall have the same meaning in this Order, and if not defined in the Amended DIP Motion, the same meanings ascribed to them in the original DIP Motion or Interim DIP Orders.

Order," "Second Interim Order," "Third Interim Order," and the "Fourth Interim Order" respectively, and collectively, the "Interim DIP Orders") and all related filings, and the arguments of counsel and evidence admitted during the Hearing, and finds that notice of the Amended DIP Motion was appropriate and no further or other notice is appropriate, and that there is sufficient cause to grant the Amended DIP Motion on a final basis as set forth herein. The Court notes that all obligations of the Debtor to the DIP Lender under the DIP Documents have been paid and satisfied in full. The Court also notes that the Debtor, the Unsecured Creditors Committee, UnitedHealthcare Insurance Company and UnitedHealthcare of Florida, Inc. (collectively, "UnitedHealthcare") and DIP Lender agree on the form and substance of this Order. Accordingly, it is

**ORDERED**:

1. The Amended DIP Motion is granted on a final basis as set forth herein.

2. *Termination of DIP Facility*. The DIP Facility and all commitments thereunder are hereby terminated. No additional loans, advances, or extensions of credit are required to be made or shall be made to the Debtor under the DIP Facility or any related documents absent further order of the Court.

3. *Release and Extinguishment of DIP Liens*. Upon entry of this Order, all DIP Liens, security interests, and superpriority claims granted to or held by the DIP Lender against the DIP Collateral pursuant to the Interim DIP Orders or the DIP Documents are hereby terminated, released, and extinguished, without further action or filing by the Debtor or the DIP Lender. The Debtor and its agents or professionals are authorized and directed to take any and all steps necessary or appropriate to evidence such releases described in this paragraph.

4. *Cash Collateral.* As of the Petition Date, the Debtor was obligated to the DIP

Lender under the Prepetition Secured Loan in the aggregate principal amount of $15,000,000 secured by a lien on, among other things, the Debtor's cash. Unless further ordered by the Court, the DIP Lender, in its capacity as the prepetition secured lender under the Prepetition Secured Loan, shall continue to retain its liens on the Debtor's cash pursuant to the terms of the Prepetition Secured Loan.  The Debtor is permitted to use cash on hand in accordance with its fiduciary duties to the estate and shall obtain Court authorization to use Cash Collateral in the event the Debtor's total cash falls below $25,000,000.

5. *Reporting*. Commencing in December 2025, the Debtor shall provide periodic reporting setting forth the total amount of its cash on hand, including setting forth any accrued and unpaid fees and expenses, to the Unsecured Creditors Committee, UnitedHealthcare, the United States and the DIP Lender. This reporting is in addition to generally applicable reporting requirements.

6. *Effectiveness*. This Final Order shall take effect immediately upon entry hereof, and there shall be no stay of effectiveness of this Final Order.

7. *Retention of Jurisdiction*. The Court shall retain jurisdiction, to the fullest extent permitted by law, to interpret, implement, and enforce the provisions of this Final DIP Order and to adjudicate any disputes arising in connection with the interpretation or enforcement thereof.

# # #

*Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*

134562.000004\4907-8715-3017.6