ORDERED.

**Dated:  March 31, 2026**

_____
Lori V. Vaughan
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No.: 6:25-bk-04156-LVV |
| THE VILLAGES HEALTH SYSTEM, LLC,[1] | Chapter 11 |
| Debtor. | |

**ORDER GRANTING DEBTOR'S EXPEDITED MOTION FOR
(I) CONDITIONAL APPROVAL OF THE ADEQUACY OF THE
DISCLOSURE STATEMENT; (II) APPROVAL OF THE SOLICITATION
AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF
THE PLAN, (III) APPROVAL OF THE FORM OF BALLOTS AND NOTICES IN
CONNECTION THEREWITH; AND (IV) APPROVAL OF THE SCHEDULING OF
<u>CERTAIN DATES IN CONNECTION WITH CONFIRMATION OF THE PLAN</u>**

This case came before the Court for a hearing (the "<u>Hearing</u>") on March 25, 2026, at 11:00

a.m. upon the motion (the "<u>Motion</u>")[2] [Doc. No. 390] of The Villages Health System, LLC (the

---

[1] The address of the Debtor is 425 W. New England Ave, Suite 300, Winter Park, FL 32789. The last four digits of the Debtor's federal tax identification number is 6436.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the in the Plan and Disclosure Statement or the Motion, as applicable.

"Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion serves the best interests of the Debtor, the estate, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no additional or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted set forth herein;

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED** in its entirety.

2. The Disclosure Statement [Doc. No. 450] is **APPROVED** on a conditional basis.

3. The Debtor's request for a hearing to consider final approval of the Disclosure Statement and confirmation of the Plan is **APPROVED** subject to the schedule and procedures set forth in this Court's *Order (I) Conditionally Approving Disclosure Statement, (II) Scheduling Combined Disclosure Statement and Confirmation Hearing, (III) Setting Related Deadlines, and (IV) Setting Deadline for Filing Administrative Expense Applications* [Doc. No. 458] (the "Scheduling Order"). This Court will hold a combined hearing to consider the *First Amended Chapter 11 Plan of Liquidation* [Doc. No. 449] (the "Plan") and the *Disclosure Statement for the First Amended Chapter 11 Plan of Liquidation* [Doc. No. 450] (the "Disclosure Statement") on June 2-3, 2026, starting at 9:30 a.m. (prevailing Eastern time). The Debtor may serve the Scheduling Order upon all required parties in lieu of the Combined Hearing Notice included with the Motion.

4.      The deadline to object to confirmation of the Plan and/or final approval of the Disclosure Statement is May 26, 2026 (the "Plan Objection Deadline"). Any objections must be filed by the Plan Objection Deadline and must: (a) be in writing; (b) conform to the Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by counsel to the Debtor, Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Attn: Elizabeth Green, Andrew V. Layden, and Key Tower, 127 Public Square, Suite 2000, Cleveland, OH 44114, Attn: Michael T. Delaney by May 26, 2026.

5.      The Solicitation Procedures, substantially in the form attached to the Motion, are **APPROVED** in their entirety.

6.      The procedures for distributing the Solicitation Packages, as set forth in the Motion, satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and, as such, are **APPROVED** in their entirety.  The Debtor shall distribute or cause to be distributed Solicitation Packages to all entities entitled to vote to accept or reject the Plan by March 31, 2026 (the "Solicitation Deadline") and in accordance with the Scheduling Order.

7.      The Debtor is authorized to make non-material changes to the Disclosure Statement, the Plan, the Solicitation Package, Ballots, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and related documents (including the appendices thereto) where, in the Debtor's reasonable discretion, doing so would better facilitate the solicitation process. Subject to the foregoing, the Debtor is authorized to solicit,

receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Court.

8. The Ballots (including the voting instructions), substantially in the forms attached to the Motion, are **APPROVED**. The Debtor shall not be required to insert the claim amount for each individual Ballot.

9. The Claims Agent is authorized to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtor's case website.  The Claims Agent shall retain encrypted ballot data and audit trail, if any, created by such electronic submission, which shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

10. The Deemed to Reject Notice, substantially in the form attached to the Motion, is **APPROVED** in its entirety. The Debtor shall not be required to solicit votes from Class 7 as Class 7 is deemed to reject the Plan. In lieu of distributing a Solicitation Package to Class 7, the Debtor shall distribute copies of the Scheduling Order and the Deemed to Reject Notice. Notwithstanding anything to the contrary herein, the service of the Deemed to Reject Notice and Scheduling Order on holders of Equity Interest in Class 7 may be accomplished in any manner permitted under the rules or orders of this Court.

11. The Disputed Claims Notice, substantially in the form attached to the Motion, is **APPROVED** in its entirety.  The Debtor is authorized to serve the Disputed Claims Notice on any holder of a Disputed Claim in lieu of the Solicitation Package; *provided, however*, that Debtor shall be obligated to provides the holder of such Disputed Claim under the circumstances described in the Motion pertaining to the final or temporary allowance of such Claim.

12.     The Debtor's rights pursuant to section 1126(e) of the Bankruptcy Code to request that the Court designate any Ballot or Ballots as not being cast in good faith are expressly preserved.

13.     If any party has changed its mailing address after the Petition Date, the burden is on such party, not the Debtor, to advise the Debtor of the new address. For purposes of serving the Solicitation Packages, the Debtor is authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Claims Agent. The Debtor and the Claims Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including the Ballots).

14.     The Debtor is authorized to serve any notices described herein through electronic mail service, which service constitutes adequate notice under the Bankruptcy Rules.

15.     The Claims Agent is authorized to assist the Debtor in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan, (c) responding to inquiries from holders of Claims or other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.  The Claims Agent shall be entitled to indemnification to the extent described in the *Order Authorizing the Employment and Retention of Stretto, Inc. as Administrative Agent Effective as of the Petition Date* [Docket No. 199] with respect to any services rendered in connection with the implementation of this Order.

16.     The Debtor is authorized to take any and all actions that it deems reasonably necessary or appropriate to effectuate the terms and purposes of this Order.

17.     The Debtor's rights to modify the Plan to the extent permitted under the Bankruptcy Code and Bankruptcy Rules are expressly reserved, including the right to withdraw the Plan at any time before the Confirmation Date and make non-material modifications to the Plan without further order of the Court.

18.     All time periods in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

19.     Notice of this Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

20.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*Attorney Elizabeth A. Green is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.*